STATE OF VERMONT

ENVIRONMENTAL COURT

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| In re: Appeal of                     | } |                          |
| Steven and MaryAnne Freedman         | } | Docket No. 202-11-98 Vtec |
|                                      | } |                          |

Decision and Order on Motion to Partially Withdraw Stipulation
and Decision and Order on Motions for Summary Judgment

Appellants appealed from a decision of the Development Review Board (DRB) of the Town of Grand Isle, denying them a conditional use permit to expand a deck on the lake side of their lakeshore building. Appellants are represented by Todd Hartsuff, Esq.; the Town is represented by Amanda Lafferty, Esq. The Town has moved to withdraw its consent to Paragraph 13 of the Stipulated facts, and both parties have moved for summary judgment.

The Town's motion to withdraw its consent to Paragraph 13 of the Stipulation is GRANTED. The motion was timely, measured from the date of filing of Appellants' motion for summary judgment, which first put the Town on notice of the issue of the location of Appellants' lake shore property line. Facts are in dispute as to that element of the paragraph; moreover, we note that disputes as to the locations of property lines cannot be decided by the Environmental Court.

Appellants own a .68-acre parcel of land, improved with a residential building and a separate garage and separate small shed, located at 8 Cedar Point Road in the Residential Shoreline zoning district in the Town of Grand Isle. The residential building is a pre-existing, non-complying structure, built before 1978 when the Town adopted a requirement that buildings be set back more than 75 feet from the shoreline of Lake Champlain, defined in the regulations as the 95.5 foot lake level. The ridge line of the roof

1

is located at a line 75 feet from the shoreline as so defined.

An existing deck is located on the east (lake side) and south sides of the main building. The bulk of the deck is closer than 75 feet from the shoreline. Appellants propose to replace and expand the existing deck as shown in the plans submitted as agreed Exhibit A. All portions of the deck where it would be expanded would be closer than 75 feet from the shoreline. The proposed deck is adjacent to but free-standing of the house structure, is uncovered, is elevated off the ground and is not in contact with the ground other than its support posts and stair landing. The proposed deck is located more than 25 feet from the northerly side property line, more than 25 feet from the southerly side property line, and more than 40 feet from the westerly (road side or front) property line.

The parties dispute whether the proposed deck will be located more than 25 feet from the lake side property line, due to a dispute as to whether Appellants own to the low water mark of the lake. It may be necessary to resolve the location of their lake side property line before a final order can issue (on that question only) in this appeal; however, any such action to quiet title or establish a boundary line must be filed and resolved in Superior Court. That boundary, however, need not be resolved in order to address the remaining issues raised in the summary judgment motions now before the Court.

Section 320 of the Zoning Bylaw contains the following provision applicable to all Shoreland Districts: "Minimum setbacks from shoreline(at 95.5 ft lake level): (1) Principal building 75 feet." Table 5 of §320 contains a listing of minimum dimensional requirements, including the following: "Setback: 40 feet from near edge of public and private road right-of-way" and "Yard: 25 feet"

The definitions section of the Zoning Bylaw defines the term "structure" as anything constructed, erected or placed and which requires a fixed location on the ground in order to be used. "Structure" is defined to include porches and "any other outbuilding or building features," in addition to "buildings."

The term "building" is defined as a subset of "structure:" one which is designed, built or used as a shelter for persons, animals or property.

The term "accessory use/structure" is defined as a use or structure, incidental and

subordinate to the principal use or structure, "such as patios, porches, garages, toolsheds and the like."

The term "setback" is defined as "the nearest distance between a building face and a public road right-of-way. For the purposes of this definition, a 'building face' shall include porches and patios, whether enclosed or unenclosed, but [does] not include steps."

The term "yard" is defined in full as "an open space on a lot, unoccupied by a structure from the ground upward, except as otherwise provided in these regulations. The required area of yards shall be determined with reference to the lot line and the "building face" in the same manner as the setback (see definition of setback)." (Emphasis added).

Ambiguity in zoning regulations is to be resolved in favor of the landowner, Appeal of Weeks, 167 Vt. 551, 555-56 (1998). However, this principle does not require (or even allow) the Court to disregard the context of the use of terms in a zoning regulation, however oddly or awkwardly drafted. From the context, it appears that the term "setback" means "front or roadside setback" when the term is used by itself in the "dimensional requirements" tables in the Zoning Bylaw, or as referenced, for example, in the definition of "yard." On the other hand, when modified in phrases such as "minimum setbacks from shoreline(at 95.5 ft lake level)," the term "setback" is used in its ordinary meaning of the distance of an object from some identified point or line.

However, although the Zoning Bylaws contain uncommon definitions and provisions, they are not ambiguous on the point at issue in the present appeal. The only structure on a lot which must comply with the 75-foot shoreline setback is the "principal building." A deck, whether free-standing or attached, and whether covered or uncovered, falls within the definition of "structure" but not that of "building[1]." Specific exceptions are made to include porches and decks when measuring roadside or yard setbacks, but no such exception is found in the definitions for measuring the shoreline setback.

Further, even if the deck is considered to be a separate structure from the house, it

---

[1] This interpretation is emphasized by the specific inclusion of decks or porches in the concept of "building face" inn the definition of "setback," although they are otherwise excluded from the definition of "building" and are defined as a non-building type of "structure" in the definition of "structure."

falls within the definition of accessory structure and would not be considered the "principal" structure, even if the shoreline setback were measured to the "principal structure" rather than, as it is, to the "principal building."

The drafters of the Zoning Bylaw could have required the shoreline setback to be measured from "any structure" or from the "principal structure," or could have written an exception for decks and porches for any setback measurement, or could have defined "setback" as the shortest distance or the perpendicular distance between a building face and the property line, roadway, or shoreline to which the setback is being measured, or could have provided an exception to the shoreline setback only for structures such as docks and boathouses that must be located close to the shoreline. Without such exceptions or such different definitions, the Court is bound by the language of the Zoning Bylaw as written.

We note that this decision does not resolve whether the proposed deck complies with the 25-foot "yard" setback on the lake shore side of the property. However, that issue depends upon facts as to Appellants' lake shore property boundary beyond the jurisdiction of this Court to establish, and may also depend upon arguments as to whether the 75-foot shoreline setback supersedes or is in addition to the 25-foot yard or property line setback.

Accordingly, based on the foregoing, the Town's Motion to withdraw its consent to paragraph 13 of the Stipulated Facts is GRANTED. Appellants' Motion for Summary Judgment is GRANTED and the Town's Motion for Summary Judgment is DENIED, in that the plain language of the Zoning Bylaw does not require the proposed deck to comply with the shoreline setback.

On or before July 20, 2000, the parties shall file a brief statement in writing (which they may fax to the Court if they wish at 479-4487) as to whether this decision and order concludes this appeal, or whether matters remain to be scheduled for a hearing.

Done at Barre, Vermont, this 12th day of July, 2000.

_____
      Merideth Wright
      Environmental Judge