Town of Castleton v. Ronald A. Fucci

[431 A.2d 486]

No. 280-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Parisi & Burke,* Castleton, for Plaintiff.

*John Paul Faignant* of *Miller, Norton & Cleary,* Rutland, for Defendant.

**Larrow, J.** Acting under 24 V.S.A. § 4444(a) and pertinent sections of the Zoning Regulations of the Town of Castleton, the Rutland Superior Court imposed a $250 fine upon defendant Ronald Fucci, directed him to remove a travel trailer from a specified lot, and enjoined the placing of any travel trailer or similar structure upon the lot until he obtains a zoning permit. He appeals that judgment order.

The lot in question is No. 13 in Ferndale Lots. It has been owned by defendant, alone or with his brother, since 1956. Before 1972, recreational vehicles were placed on the lot in July and August, a gravel pad developed for this purpose and a septic system installed. Water was obtained from another nearby lot and temporary electric service provided by the power company. From at least 1972 until early 1977 no recreational vehicle was placed on the lot, and brush and overgrowth were not cleared during this period. In 1977, defendant placed a recreational vehicle on the lot and started using it as a summer camp. He did not apply for a zoning permit until his attention was called to the requirement. He then, on June 24, 1977, filled out an application, which the Zoning Administrator denied because the lot was less than one-eighth acre and the application did not meet setback requirements. Defendant became angry and refused to pay the application fee. He has not yet done so. Appropriate notice and legal action resulted.

No question is raised about the applicable provisions of the Castleton Zoning Regulations, first adopted in 1971. Lot No. 13 is in an R. 40 Zone, with setback requirements of 50 feet for front and rear yard and 30 feet for side yard. The lot, in its land area at least, cannot meet those requirements, being about 70' x 70'. This land area is also less than one-eighth acre. And, although the trial court made no express finding, defendant's chain of title carries his ownership to the center line of the Neshobe Brook or canal, which bound would make its area more than one-eighth acre. The parties so concede. The significance of this fact stems from the provisions of 24 V.S.A. § 4406(1) and § 501 of the Castleton Zoning Regulations. Each section permits development of a pre-existing lot

for purposes permitted in its district even though the lot does not meet minimum size requirements, but only if it is not less than one-eighth acre in area, with a minimum width or depth of 40 feet. The use involved here is permitted in an R. 40 Zone. We must initially, therefore, determine the size of the lot in question, because if it does not meet the one-eighth acre requirement its development is not protected, and its use for placement of a recreational vehicle can be justified only under § 250 of the Regulations. That section, in substance, provides for indefinite continuance of any nonconforming use of structures or land, existing on the effective date of the Regulations, but prohibits re-establishment of a use discontinued for a period of six months. 24 V.S.A. § 4408(b)(3).

■ The trial court concluded, as a matter of law, that the lot in question did not meet the minimum size requirement, without expressing any reasons for that conclusion. We disagree. It has long been held in this state that where land is sold, bounded by a river or stream, the grant extends to the middle of the channel, unless the grant expressly provides otherwise. See *Fletcher* v. *Phelps,* 28 Vt. 257, 262 (1856). The grantee takes to the center if the grantor owns so far. See *Holden* v. *Chandler,* 61 Vt. 291, 292, 18 A. 310, 310 (1888). The chain of title here is even stronger, because the grant in question expressly runs to the center line of the canal. Since the parties have conceded the resultant physical area to exceed one-eighth acre, the trial court's contrary conclusion is in error, unless other grounds exist for excluding the area underlying the canal.

Castleton advances assorted reasons of policy for such exclusion, mainly legislative intent as to population density, aesthetics, and the possibility of development of "tiny strips." It urges the practical impossibility of developing an underwater area. The latter argument would apply equally, perhaps more, to cliff and ledge areas, flood plains and the like. The legislature has indeed seen fit to permit regulation, restriction or prohibitions of structure use at or near, *inter alia,* flood plain areas and other places having a special character or use affecting and affected by their surroundings. 24 V.S.A. § 4405(a)(3)(G). And the policy considerations urged by Castleton may well militate in favor of such regulation. But

for the purposes of the instant case, the short answer is that no such regulation is claimed to have been made or violated by the defendant here.

We therefore hold that the lot in question is not less than one-eighth acre in area. Since it was a delineated lot prior to adoption of the zoning regulations, it may be developed for the purposes permitted in its district. 24 V.S.A. § 4406(1).

A complete reversal of the order below, however, is not thereby indicated. Defendant is not entitled to use the lot for the indicated purposes without first securing an appropriate permit. He could do so had that use, pre-existing the regulations and not illegal at the time, been continued up to the present. But the facts as found clearly indicate a discontinuance of that use. The Regulations prohibit resumption of such use after abandonment or discontinuance of the use for six calendar months, regardless of intent to resume the use. 24 V.S.A. § 4408(b)(3); Castleton Zoning Regulations § 250(3). We are not called upon here to define precisely what constitutes "six calendar months" in the cases of seasonal usage only, as here, because under any interpretation the failure to use the lot for the indicated purposes, as found, from 1972 to 1977, certainly meets the definition. We do note, however, that we are not holding that periods of non-use, between recurring periods of seasonal use, would amount to discontinuance or abandonment. We were careful to point out, in a case involving adverse possession of a hunting camp, that continuous use is not synonymous with constant use, and that continuity of use is merely such use as an average owner would make of the property, taking into account its nature and condition. *Darling* v. *Ennis*, 138 Vt. 311, 313–14, 415 A.2d 228, 230 (1980); *Montgomery* v. *Branon*, 129 Vt. 379, 386, 278 A.2d 744, 748 (1971). Those same considerations seem equally pertinent here. But with intent ruled out as an element, five consecutive years of non-use would seem to satisfy any view of the defined discontinuance.

It appears virtually impossible for the Zoning Administrator to grant the defendant a permit for the use and occupancy he seeks. Compliance with the setback requirements which we have already outlined seems to be physically pre-

cluded, although the dimensions of the recreational vehicle are not expressly found. 24 V.S.A. § 4468(a), however, as Castleton concedes, affords him a remedy, through application to the Zoning Board of Adjustment, on appeal, for a variance because of "unique physical circumstances," resulting in unnecessary hardship. This was the course indicated to him by the Zoning Administrator in the first instance, advice he refused to follow.

Examination of the order below in light of our holding indicates little need for revision of its terms. It was based upon failure to pay a permit fee, lot area less than one-eighth acre, and failure to meet setback requirements. Although we reverse as to the acreage requirement, it is still true that defendant required a permit for his contemplated use and occupancy, and refused to proceed to acquire one. The imposition of a fine was justified; so were the order of removal and the injunction as issued. But because defendant has prevailed here on one important legal issue, allowing development of his lot for the uses permitted in his zone, we impose no costs in this Court on either party.

*Judgment affirmed. Each party shall bear its own costs in this Court.*