# Appeal of Lloyd W. & Elizabeth W. Weeks

[712 A.2d 907]

No. 97-039

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed May 1, 1998

*Karl W. Neuse* and *John W. Whitcomb* of *Neuse, Smith & Venman, P.C.*, Middlebury, for Plaintiffs-Appellees.

*Andrew Jackson*, Middlebury, for Defendant-Appellant.

**Amestoy, C.J.** The Town of Shoreham appeals the Environmental Court's ruling that two adjoining parcels of land owned by appellees Lloyd and Elizabeth Weeks are exempt from the Town's minimum lot size requirement and therefore may be developed separately. The Environmental Court found that, although the two exempt undersized lots would ordinarily merge into one unit when appellees brought them into affiliated ownership, a steep ravine between the parcels divides the lots and prevents them from being used functionally as one property and thereby precludes merger. Because we conclude that the Town's zoning ordinance does not mandate the automatic merger of adjacent substandard lots that subsequently come into common ownership, we affirm the Environmental Court's decision on alternative grounds.

In 1967, appellees purchased a parcel of land located within the Town on Lake Champlain's eastern shore. Less than one acre in size, the parcel is designated as Lot 20 on a plot plan of thirty-three lots comprising the "Happy Evie Lakeshore Development" which was filed with the Town land records in 1964.

In 1974, the Town established a minimum lot size of two acres in the district where the subject property is located. As required under 24 V.S.A. § 4406(1), the Town's ordinance contains an exception for undersized lots which were in "individual and separate and non-affiliated ownership from surrounding properties in existence on the effective date" of the ordinance.

In 1982, appellees purchased from Central Vermont Public Service Corporation (CVPS) Lot 19, which adjoins and lies directly south of Lot 20, and is similarly less than one acre in size. CVPS originally purchased Lot 19 along with many other lots from the founders of the Happy Evie Lakeshore Development. Appellees have maintained a garden, parked their mobile home, and built a garage for storage and other use on Lot 19.

In 1995, appellees applied for a zoning permit to sell Lot 20 and retain Lot 19 for their own residential use. The Town's zoning

administrator denied the subdivision permit because neither lot satisfied the Town's required two-acre minimum size. The zoning board of adjustment (ZBA) affirmed the permit denial on grounds that (1) Lot 19 was not "grandfathered" as an existing small lot in 1974 when the ordinance took effect because at that time CVPS owned other lots adjacent to Lot 19, and (2) even if Lot 19 was originally grandfathered as an existing small lot, it merged with Lot 20 into a single parcel when appellees brought those lots into common ownership. Thus, according to the ZBA, appellees could not sell their lots separately.

Appellees then sought de novo review by the Environmental Court pursuant to 24 V.S.A. § 4472(a). The Environmental Court considered two principal issues: (1) whether Lots 19 and 20 were in fact held in separate and nonaffiliated ownership when the amended zoning ordinance went into effect, and (2) whether Lot 19 merged with the adjoining Lot 20 to form functionally one parcel when appellees brought them into common ownership in 1982.

The court concluded that both undersized lots were held in separate and nonaffiliated ownership when the zoning ordinance went into effect, and thus were originally grandfathered under the ordinance's existing small lot exception.* The court also determined that the lots would ordinarily "merge" into a single parcel once they were subsequently brought into common ownership, but that merger of Lots 19 and 20 was not appropriate because the "steepness, size, and placement" of a ravine located on the dividing line between the two lots "prevents them from being used functionally as one property."

To reach its result, the Environmental Court extended our holding in *Wilcox v. Village of Manchester Zoning Board of Adjustment*, 159 Vt. 193, 616 A.2d 1137 (1992). In *Wilcox*, we reaffirmed an earlier holding from *Drumheller v. Shelburne Zoning Board of Adjustment*, 155 Vt. 524, 586 A.2d 1150 (1990), that when two contiguous parcels of land are held in common ownership at the time minimum lot area zoning goes into effect, those parcels "merge" into "functionally one property." *Wilcox*, 159 Vt. at 196, 616 A.2d at 1139. In *Wilcox* we also held that merger should not occur if a right of way between the two

---

*By determining that the two "pre-exisiting undersized lots" should merge because of their common ownership, and then applying an exception to merger, the Environmental Court found that the two lots were in separate and nonaffiliated ownership in 1974, the date of the regulation. Neither party in this appeal challenged this finding by the Environmental Court, and thus we will not disturb it. See *Rowe v. Brown*, 157 Vt. 373, 379, 599 A.2d 333, 337 (1991) (issues not presented on appeal are deemed waived).

parcels "effectively separates" the parcels and prevents them from being "used in the ordinary manner as a single 'lot.'" *Id.* at 197, 616 A.2d at 1139. Here, the Environmental Court concluded that a steep ravine dividing appellees' lots poses a practical barrier that interferes with the ability to enjoy and use the two lots as a single parcel. In reversing the ZBA, the court declined to merge the parcels and ruled that appellees could sell their lots separately without obtaining a subdivision permit.

The Town argues that the Environmental Court inappropriately broadened *Wilcox* by concluding that the physical attributes of appellees' land can provide a basis to avoid merger and treat what should be viewed as a single parcel of land as functionally two separate lots. The Town argues in the alternative that, even if the land's attributes can provide a basis to avoid merger, the court erred in finding that the parcels cannot be enjoyed as one lot. As support, the Town points out that the ravine does not extend along the entire boundary line between the two lots, and that appellees can freely pass from one parcel to the other on a flat area near the road. We do not reach the issue of whether physical attributes of the subject parcel can preclude merger because we conclude that the Environmental Court erroneously operated under the presumption that our holding in *Wilcox* mandated the automatic merger of contiguous substandard parcels pursuant to the "existing small lot" exception.

██ Zoning ordinances are construed according to the general principles of statutory construction. See *Houston v. Town of Waitsfield*, 162 Vt. 476, 479, 648 A.2d 864, 865 (1994). We are bound by the plain language of the statute, and if it "resolves the conflict without doing violence to the legislative scheme, there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent." *Lubinsky v. Fair Haven Zoning Bd.*, 148 Vt. 47, 49, 527 A.2d 227, 228 (1986). Our standard for reviewing the Environmental Court's interpretation of a zoning ordinance is whether the construction is clearly erroneous, arbitrary or capricious. See *Houston*, 162 Vt. at 479, 648 A.2d at 865. With these background principles in mind, we review the Environmental Court's construction of the Town's small lot exemption and the identical language of 24 V.S.A. § 4406(1).

As required under § 4406(1), the Town's minimum lot size ordinance incorporated the following exception:

> **(1) Existing small lots.** Any lot in individual and separate and non-affiliated ownership from surrounding proper-

ties in existence on the effective date [of the zoning ordinance] . . . may be developed for the purposes permitted in the district in which it is located, even though not conforming to minimum lot size requirements . . . .

24 V.S.A. § 4406(1).

■ ■ Under this exception, existing small lots are effectively grandfathered as nonconforming uses as to area. See *Lubinsky*, 148 Vt. at 50, 527 A.2d at 228. Exempted parcels retain their development rights even though their area is less than that prescribed by the ordinance. See *id.* at 51, 527 A.2d at 229. This Court, however, has held that the § 4406(1) exception does not apply to contiguous undersized parcels held under common ownership at the time of enactment of the minimum lot size ordinance. See *Drumheller*, 155 Vt. at 529, 586 A.2d at 1152. Instead, the parcels are deemed to have merged to form one parcel which can be subdivided only if the resulting parcels conform with the area requirements. See *id; Wilcox*, 159 Vt. at 197, 616 A.2d at 1139. That said, we find no statutory language which requires that undersized lots *remain* in separate and nonaffiliated ownership beyond the effective date of the ordinance in order to retain their grandfathered status. The absence of an express requirement that undersized lots remain in separate and unaffiliated ownership stands in marked contrast with the ordinance at issue in *Wilcox*. See 159 Vt. at 195 n.*, 616 A.2d at 1138 n.* (ordinance in question required that separate and nonaffiliated ownership status exist on "the date of the adoption of this bylaw, and *continuously thereafter*") (emphasis added).

■ We recognize that minimum lot size exceptions are nonconforming uses, allowed only because their use pre-exists the applicable zoning requirement, and that "[a] goal of zoning is to phase out such uses." *Drumheller*, 155 Vt. at 529, 586 A.2d at 1152. We are mindful, however, that zoning ordinances are in derogation of common law property rights and that "in construing land use regulations any uncertainty must be decided in favor of the property owner." *In re Vitale*, 151 Vt. 580, 584, 563 A.2d 613, 616 (1989); see also *Secretary v. Handy Family Enters.*, 163 Vt. 476, 481-82, 660 A.2d 309, 312 (1995) ("[O]ur zoning decisions . . . have emphasized that ambiguity must be resolved for the property owner."); *Glabach v. Sardelli*, 132 Vt. 490, 494, 321 A.2d 1, 4 (1974) ("This Court has previously held in a number of cases that zoning ordinances are to be strictly construed in view of the fact that they are in derogation of common law property rights,

and that when exemptions appear in favor of the property owner, the exemptions shall be construed in favor of the owner."), *overruled on other grounds by Leo's Motors, Inc. v. Town of Manchester*, 158 Vt. 561, 613 A.2d 196 (1992).

We conclude that the Environmental Court's holding that appellees' lots would merge but for the physical attributes of the property is erroneous. Its finding incorrectly assumes that parcels which come into affiliated ownership after the effective date of the statute no longer qualify for the "existing small lots" exception for substandard lots, and therefore merger is compelled by law. In *Allen v. Adami*, 347 N.E.2d 890 (N.Y. 1976), the New York State Court of Appeals confronted a similarly worded exception to the lot area restrictions in an analogous factual situation. The court found that because the plain language of the ordinance did not "clearly provide that common ownership arising [after the regulation's effective date] would effect a merger," a landowner need only show that the lot was owned separately on the effective date of the ordinance in order to come under the exception. *Id.* at 892. The court reasoned that any ambiguity regarding the reach of the statutory exception should be construed against the municipality and in favor of the landowner, and that the municipality could have limited the statutory exception by simply including the requirement that nonaffiliated ownership continue after the ordinance's effective date. See *id.*

We find additional support for this reasoning in scholarly treatises written on the subject. See 3 E. Ziegler, Rathkopf's The Law of Zoning and Planning § 32.05, at 32-20 (1997) (where statute is silent, courts will not require separate ownership to continue after date of zoning ordinance enactment); 7 P. Rohan, Zoning and Land Use Controls § 42.03[1], at 42-50—42-52 (1998) ("The right to a special exception or variance may not be forfeited . . . by the acquisition of adjacent lots subsequent to the enactment of the ordinance, unless the 'grandfather' clauses of the zoning ordinance provides to the contrary."); 2 K. Young, Anderson's American Law of Zoning § 9.67, at 330 (4th ed. 1996) ("Absent a specific provision in the regulations, the right to relief is not lost where, subsequent to the enactment of a restrictive ordinance, adjacent substandard lots are acquired by a single owner."); see also *Brum v. Conley*, 572 A.2d 1332, 1334 (R.I. 1990) (despite qualifying as a nonconforming use as to area at the time of the ordinance's enactment, the parcels merged because the ordinance expressly stated that "[i]f two (2) or more contiguous lots . . . are under single ownership at any time after the effective date

. . . such lots shall be considered to be an individual parcel"); *Faranda v. Schoepflin*, 250 N.Y.S.2d 928, 929 (App. Div. 1964) (ordinance provided that if a substandard lot is acquired "under any circumstances" by an adjoining owner, the substandard plot merges in fee with the adjoining plot).

■ We reaffirm our holding that 24 V.S.A. § 4406(1), and in this case the Town's 1974 ordinance, creates an exception for substandard lots held in nonaffiliated ownership at the time the ordinance takes effect. Further, under the language of § 4406(1), a parcel's exempt status as a nonconforming use is not diminished, nor is merger automatically triggered, when and if the parcel is brought into common ownership with an adjoining parcel after the effective date of the ordinance, absent language in the zoning ordinance providing to the contrary.

We conclude on these facts that Lots 19 and 20 are exempt from the Town's two-acre area requirement because both were existing small lots in unaffiliated ownership at the time the 1974 ordinance took effect. Although Lots 19 and 20 are currently held in common ownership, each lot retains its status as exempt from the Town's two-acre minimum lot area ordinance.

*Affirmed.*