# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Richard E. Bailey    }
}
}    Docket No. 230-10-02 Vtec
}
}

Decision and Order

Appellant Richard E. Bailey appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Arlington, granting a variance from the front[1] and rear setback requirements for an undersized parcel of land owned by Black Locust Development, LLC.

Appellant appeared and represented himself; Appellee-Applicant Black Locust Development, LLC is represented by Allan R. Keyes, Esq.; Interested Person Frank A. Molgano, Jr. appeared and represented himself, but did not file any separate post-trial memorandum; and the Town of Arlington entered an appearance in the matter, represented at trial by the Zoning Administrator, but did not file a post-trial memorandum. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant stated twenty-five Questions in his Statement of Questions, not all of which relate to the variance application of which this is an appeal. As discussed and ruled on at trial, the parties agreed that Question 21 does not state a question related to the variance on appeal in this proceeding, but that § 4.1 applies to any interpretation of the Zoning Bylaw. Also as discussed on the record at trial, the Court has no jurisdiction in this proceeding to consider whether the proposed building meets (or is even required to meet) the conditional use standards (Questions 12, 13 and 22), the nonconforming use/noncomplying structure standards (Questions 5, 6, 15 and 23), the traffic, access and on-site circulation standards (Questions 16 and 17), the frontage or access requirements (Question 19) or the parking standards (Question 20) of the Zoning Regulations, or any of the general dimensional requirements or the standards for the Commercial-Residential district other than those relating to the setbacks and lot size (Questions 11, 24 and 25). We have no jurisdiction to consider whether the proposed building meets the state rules relating to water supply and wastewater disposal (Question 18). Accordingly, only Questions 1, 2, 3, 4, 7, 8, 9, 10, and 14, plus those aspects of Questions 11, 19, 24 and 25 relating to the setbacks, lot size, or variance criteria, were properly before the Court in this appeal. Of these, Question 8 is moot, as Appellee-Applicant does not propose to build a structure within the side setbacks.

Appellee-Applicant owns an approximately 120' x 67½ ' parcel of land[2] on Route 7A[3], on which Mr. Molgano proposes to build a 24' x 30' (640-square-foot) commercial building with four parking spaces, to house a real estate office. The 67½ -foot dimension runs to the center of the

highway; the State holds an easement over that land for highway purposes. The highway right-of-way extends onto the lot 33 feet from the center of the highway (half of the 4-rod right-of-way). The lot, including the land lying under the traveled way of the highway, is approximately 8,100 square feet in area. An eighth of an acre is 5,445 square feet in area.

The property was in individual and separate and non-affiliated ownership from surrounding properties in 1973 when the Zoning Ordinance was adopted. At that time, a 1,770-square-foot gasoline service station/garage was located on the property, within 7 feet of its rear lot line. It was used through the 1970s for that purpose, and then was used as a residence by the then-owner until it was purchased by Arlington Redevelopment Company, LLC, in July of 1999. conveyed back to the former owner on August 9, 1999 and conveyed by her to Appellee-Applicant the same day.

An adjacent property contains a U.S. Post Office. No evidence was presented regarding the ownership history over time of the parcel on which the Post Office is located or whether the owner of the Post Office parcel is or was ever related[4] to Appellee-Applicant.

Appellee-Applicant demolished the building on the parcel in the spring of 2000. It was not reconstructed within the successive twelve months, and Appellee-Applicant does not claim any rights to reconstruct the building as a pre-existing nonconforming structure.

Appellant owns property southerly of the subject parcel on Route 7A, containing his residence and a rental residential building. Appellant also owns a vacant parcel of property between his residential property and the subject parcel, adjacent to the subject parcel on the subject parcel's southerly and westerly sides. He purchased his parcel in December 2000, after the building on this parcel had been demolished, and with the expectation[5] that this parcel was too small for any new development.

Appellee-Applicant has a purchase-and-sale agreement with Mr. Molgano, contingent on the issuance of a zoning permit for Mr. Molgano's proposed building. The proposed building will meet the side yard setback requirements of 15 feet, but will not meet the front yard setback requirements of 25 feet from the edge of the highway right-of-way or the rear yard setback requirements of 15 feet from the rear property line (adjoining Appellant's property line). Indeed, the front and rear yard setbacks overlap on this property, making it unuseable for development of any structure without a variance.

In this proceeding, Appellee-Applicant seeks a variance of 8 feet for the rear setback, so as to place the building 7 feet from the rear property line. Appellee-Applicant seeks a variance of 23 feet for the front setback, so as to place the building 2 feet from the edge of the highway right-of-way. Access to the building will be through the adjoining post office curb cut, and Appellee-Applicant will construct curbing to close the former curb cut to Route 7A on this parcel.

Pre-existing small lot status

Appellant's Questions 1, 2, 3 and 4 challenge the calculation of the parcel's lot size in determining whether it qualifies for treatment as a pre-existing small lot. The state zoning

enabling act and § 5.2.4 of the Land Use (Zoning) Bylaw of the Town of Arlington exempt undersized lots which were in existence on the date of enactment of the Zoning Bylaw from the minimum lot size requirements of the Zoning Bylaw, if they have a minimum dimension of 40 feet in width or depth, and are at least an eighth of an acre in area. Such lots are not exempted from any of the other requirements of the ordinance, such as those regulating setbacks or building height or parking or access or frontage or use.

Nothing in the state statute or town ordinance requires that all the land in such an undersized lot be useable land, or that it would in any way be practical actually to develop the lot. Such an existing small lot may contain ledge or wetland or other attributes that may make it impractical to develop the land, but the practical ability to develop the lot does not affect its status as an existing small lot.

Appellee-Applicant's lot qualifies for this existing small lot status under the zoning bylaw, as it was in existence as a separate lot in 1973, and has an area of more than an eighth of an acre, and has a width and a depth dimension of more than 40 feet. However, this existing small lot status only exempts the lot from the minimum lot size requirements. Accordingly, we must turn to the request for variance from the setback requirements.

Variance application

In order to qualify for a variance, Appellee-Applicant must meet all five requirements of § 7.2 of the Zoning Bylaw. Appellant's Questions 7, 9, 10 and 14 only address the second and fourth of these requirements, but as this hearing is de novo and the parties have addressed all five criteria in their memoranda, we will discuss all five criteria.

Section 7.2.1. requires that there be

unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located.

The property meets this requirement as the lot is unusually shallow (only about 34 feet of width not affected by the highway right of way). The hardship (the overlapping front and rear setbacks) is due to the physical shallowness of the lot and is not a condition generally affecting the lots in the neighborhood or district.

Section 7.2.2. requires that

because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

There is no possibility that the property could be developed with a structure in strict conformity with the zoning regulation, as the front and the rear setbacks overlap. The property is too small and too close to Route 7 for an agricultural use with no structure to be a reasonable use of the property. The property is not usable for parking without a curb cut, even if a parking lot could be built under the regulations on a free-standing property, as it would not be an accessory use to any principal use on the property. We address the question of whether this is the smallest possible structure for the lot under § 7.2.5 below.

Section 7.2.3 requires that the unnecessary hardship has not been created by the variance applicant. In the present case, Appellee-Applicant did not create the shallow-shaped parcel.

Section 7.2.4 requires that the proposed variance

will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare.

The essential character of this neighborhood is one with buildings located very close to the road right-of-way, with a mix of residential and commercial uses; this proposed building will not impair that character as it resembles the smaller residential buildings in the area and as a realty office will have a low level of traffic generation. It will not impair the appropriate use or development of the Post Office property, and will not impair the appropriate use or development of Appellant's adjacent property, because the area of Appellant's property just behind the subject parcel is relatively steep and is located within the fifty-foot stream setback required by the Zoning Bylaw. Thus, Appellant's use of the eight foot strip of land adjacent to the subject parcel's back lot line (that is, the area potentially affected by the rear setback variance) would not be substantially or permanently impaired, when compared its potential for use if the full rear setback were observed.

Section 7.2 .5 requires that the proposed variance will represent the minimum variance that will afford relief and represent the least deviation possible from the zoning regulation and from the municipal plan.

As noted above, the property is too small and too close to Route 7 for an agricultural use to be a reasonable use. Assuming that a structure would be needed for any reasonable use of the property, Appellant suggests that smaller structures such as a free-standing ATM or a farm stand or a barbecue under a tent are potential reasonable uses of the property. Appellant did not present any evidence suggesting that Mr. Molgano's proposed building could have been designed to be any narrower and still be used for his proposed realty office purpose. All the proposed uses suggested by Appellant would generate more traffic than the proposed realty office use; such a higher traffic-generating use would not be approvable due to the lack of a direct curb cut from Route 7A. Therefore, the proposed variances represent the least deviation possible.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's lot qualifies as an existing small lot under § 5.2.4 of the Land Use (Zoning) Bylaw, and meets the requirements for the requested variance from the setback requirements.

Dated at Barre, Vermont, this 7th day of May, 2003.

_____

Merideth Wright
Environmental Judge

**Footnotes**

1. Despite the number of questions in Appellant's Statement of Questions, he did not challenge the requested variance from the front setback requirements; therefore we will only address the rear setback variance and the 'existing small lot' status of the parcel.

2. The parties also referred to it as having a depth of approximately 62 feet, but the deed description refers to the side lines as being 67'7" and 67'6" respectively. Unless Appellee-Applicant can show that these lines run at an angle to the centerline of Route 7A, we must use the 67½-foot dimension.

3. The road is referred to as Route 7A, Route 7, and old Route 7 in various exhibits.

4. No argument has been made regarding whether the subject parcel was subject to merger with the Post Office parcel, and we do not address that issue. Compare, Appeal of Richards, 13 Vt. L. Week 265 (September 20, 2002); Appeal of Weeks, 167 Vt. 551 (1998).

5. If Appellant has any cause of action regarding his expectations at the time he purchased, such cause of action is beyond the jurisdiction of this Court.