2005 VT 38A

## In re Appeal of Richard BAILEY

[883 A.2d 765]

No. 03-263

¶ 1. July 26, 2005. Plaintiff Richard E. Bailey appeals from an environmental court order affirming a decision by the Town of Arlington's Zoning Board of

Adjustment (Board) that granted a variance from the front and rear setback requirements for an undersized land parcel owned by Black Locust Development, LLC (applicant). Plaintiff contends that the court erred when it included a strip of land which is used as a public highway, although owned by applicant, in determining whether applicant's property qualifies for treatment as a preexisting small lot under 24 V.S.A. § 4406(1) and the Arlington zoning ordinance. Plaintiff further argues that if the property is a preexisting small lot, applicant cannot demonstrate that it meets all five of the requirements necessary to obtain a variance. We reverse.

¶ 2. The facts of this case are undisputed and can be summarized as follows. Applicant owns a parcel of land on Route 7A adjacent to a U.S. Post Office. The lot as deeded is approximately 8100 square feet in area and has dimensions of 120' of frontage and 67 ½' of depth. The 67 ½' dimension includes approximately 33 ½' of highway over which the state holds a public easement for road travel. Without including the public highway, the parcel is 34' deep and has an area of approximately 4080 square feet. During the 1970s, a 1770 square foot service station operated on the disputed property. After the service station discontinued operations, it was used by the then owner as a residence until it was purchased by applicant in 1999. In the spring of 2000, applicant tore down the former service station. Several months later, plaintiff purchased an adjacent vacant parcel. Plaintiff purchased his lot for the purpose of preserving undeveloped land in the Arlington area with the expectation that applicant's land would remain undeveloped.

¶ 3. Applicant has entered into a purchase and sale agreement with Frank A. Molgano contingent on the issuance of a zoning permit for his proposed 640 square foot commercial building. The proposed building would house a real estate office with four parking spaces. This lot is located in Arlington's commercial residential zone. In order to allow development in this zone, the town's zoning ordinance requires that a lot be at least ½ acre in size and allow for a front yard setback of 25' and a rear yard setback of 15' — applicant's lot cannot meet these requirements.

¶ 4. The zoning ordinance allows certain preexisting undersized lots to be developed:

> Any lot in individual and separate non-affiliated ownership from surrounding properties in existence on the effective date of this Bylaw (August 28, 1973) may be developed for the purposes permitted in the district in which it is located, even though not conforming to minimum lot size requirements, if such lot is not less than one-eighth (1/8) acre in area with a minimum width or depth dimension of forty (40) feet.

This ordinance provision is identical to 24 V.S.A. § 4406(1), which requires its inclusion in every zoning ordinance in the state. See *Drumheller v. Shelburne Zoning Bd. of Adjustment*, 155 Vt. 524, 527, 586 A.2d 1150, 1151 (1990). Applicant claimed the lot is covered by this provision and, therefore, could be developed even though it did not meet the minimum lot size requirement for the zone. He also sought a variance from both the front and rear setback requirements.

¶ 5. At the Board hearing, plaintiff challenged both the status of applicant's lot as a preexisting undersized lot under the ordinance and applicant's variance request. Over plaintiff's objections, the Board granted applicant's variance, after concluding that it did not have to meet the minimum size requirement. Plaintiff

appealed the Board's decision to the environmental court.

¶ 6. Plaintiff argued in the environmental court that applicant's lot did not meet the requirement of a preexisting undersized lot because it was neither 1/8 acre in area nor 40' deep if the highway area was excluded when calculating the lot size and depth. The environmental court rejected plaintiff's argument that the area under the road should not be considered, explaining that "[n]othing in the state statute [24 V.S.A. § 4406(1)] or town ordinance requires that all the land in such an undersized lot be useable land, or that it would in any way be practical actually to develop the lot ... the practical ability to develop the lot does not affect its status as an existing small lot." The court also found that applicant satisfied the variance criteria.

¶ 7. Plaintiff appeals the court's ruling, challenging the decision to treat applicant's lot as a preexisting undersized lot and the grant of the variance. We conclude that the area under the highway cannot be included in the lot size calculation and therefore that the lot is not a preexisting undersized lot as defined by the ordinance. We do not reach whether the court erred when it determined that applicant met the variance criteria.

¶ 8. The preexisting undersized lot provision acts as a grandfather clause allowing development of lots that do not meet a town's minimum lot size requirements. In *Lubinsky v. Fair Haven Zoning Board*, 148 Vt. 47, 51, 527 A.2d 227, 229 (1986), we explained that the purpose of § 4406(1) is "to retain for usefulness pre-existing lots of satisfactory size, even though they do not quite meet zoning limits as to size." It is undisputed in this appeal that if the land under the Route 7A right of way is counted, applicant's lot is a preexisting undersized lot under § 4406(1), but if the land is not included, applicant's lot is not so protected. Thus, we must determine whether the statute

and ordinance contemplate the inclusion of land under a public highway when calculating lot size. Essentially, we must determine the meaning of the word "lot."

¶ 9. In construing a statute we first look at the plain, ordinary meaning of the language. *State v. Baron*, 2004 VT 20, ¶ 6, 176 Vt. 314, 848 A.2d 275. If the plain language of the statute "resolves the conflict without doing violence to the legislative scheme, there is no need to go further." *Lubinsky*, 148 Vt. at 49, 527 A.2d at 228. Ordinarily when we review the environmental court's interpretation of a zoning ordinance, our review is deferential, and we accept the court's construction unless it is clearly erroneous, arbitrary, or capricious. *In re Weeks*, 167 Vt. 551, 554, 712 A.2d 907, 909 (1998). In this case, however, the town did not deviate from the statute. See *In re Richards*, 174 Vt. 416, 424-25, 819 A.2d 676, 683 (2002). Thus, the interpretation of the statute, 24 V.S.A. § 4406(1), controls.*

---

* In its motion for reargument, applicant points out that 24 V.S.A. § 4406(1) was amended effective July 1, 2004 to include a proviso stating that the statute "shall [not] be construed to prohibit a bylaw that is less restrictive of development of existing small lots." 24 V.S.A. § 4412(2)(C); see 2003, No. 115 (Adj. Sess.), § 119(c) (repealing 24 V.S.A. §§ 4404-4409) and § 95 (replacing 24 V.S.A. § 4601(1) with 24 V.S.A. § 4412(2)). According to applicant, the proviso abrogated this Court's earlier holding that § 4406(1) controls over a conflicting local zoning ordinance, see *In re Richards*, 174 Vt. 416, 424-25, 819 A.2d 676, 683 (2002) ("Where our Legislature has spoken clearly about the circumstances under which existing small lots may be developed, we will not give effect to a municipal ordinance that would allow such development under more expansive circum-

¶ 10. The Zoning Enabling Act does not contain a definition of "lot." To the extent the environmental court construed the statute, it held that the term "lot" does not require that land be useable. This is consistent with our holding in *Town of Castleton v. Fucci*, 139 Vt. 598, 600-01, 431 A.2d 486, 488 (1981), that land under Neshobe Brook should be included when calculating minimum lot size for purposes of § 4406(1). Expanding this theory, the environmental court held that the land under the highway would also be included in determining whether applicant's land qualified as a preexisting undersized lot and held, therefore, that it met the minimum size and depth requirements for such status.

¶ 11. A more relevant precedent is *Wilcox v. Village of Manchester Zoning Board of Adjustment*, 159 Vt. 193, 616 A.2d 1137 (1992). In that case, plaintiff

stances. The municipality has no authority to overrule the clear intent of the Legislature."), and thus we erred in this case by deferring to the language of the statute rather than the environmental court's interpretation of the local ordinance. We find this argument unavailing. The town in this case adopted the language of the statute verbatim and obviously did not intend to create an ordinance that was less restrictive than the statute. This is not surprising considering that the proviso applicant relies upon in his motion to reargue did not become law until after this case was argued on appeal — and long after the town adopted the ordinance in question. Further, applicant does not even argue, let alone demonstrate, that the proviso should apply retroactively in this case. But even assuming that it did, the interpretation of the statute would still control because, as noted, the town simply adopted the statute verbatim.

owned three parcels of land. One portion of parcel 1 was subject to a right-of-way benefitting a parcel not owned by plaintiff, while the unburdened portion of parcel 1 was contiguous with parcel 3. 159 Vt. at 195, 616 A.2d at 1138. Plaintiff argued that parcel 1 was in "individual and separate and non-affiliated ownership" within the meaning of 24 V.S.A. § 4406(1). In contrast, the Village contended that the right-of-way did not interfere with the contiguous nature of the parcels and therefore the parcels constituted a single lot. The trial court agreed with the Village, and granted its summary judgment motion. On review, we explained that "a right-of-way which, because of location and function, effectively separates the parcels that it physically connects, so that they cannot be used in the ordinary manner as a single 'lot,' may render those parcels separate for purposes of 24 V.S.A. § 4406(1)." *Id.* at 197, 616 A.2d at 1139.

¶ 12. We remanded *Wilcox* for factual findings regarding the nature and use of the right-of-way recognizing that right-of-ways can range from well-traveled roadways to mere lines on a plan. *Id.* at 198, 616 A.2d at 1140. We did explain, however, that a well-traveled roadway would effectively separate the parcels for purposes of § 4406(1). *Id.* Underpinning this assertion is the notion that a well-traveled roadway cannot be considered part of a "lot." The Court viewed the right-of-way and the lot as separate physical entities and was unwilling to see a true right-of-way as part of a "lot."

¶ 13. *Wilcox* relies on three cases from other jurisdictions, and they are particularly relevant here. The most important is *Loveladies Property Owners Ass'n v. Barnegat City Service Co.*, which squarely holds that the land area under a road, public or private, cannot be included in determining whether a lot meets minimum size requirements. 159 A.2d 417, 424 (N.J. Super. Ct. 1960)

("[U]nless otherwise specifically provided, the meaning of the word 'lot' requires, in order to preserve the integrity and purpose of the zoning scheme, the exclusion of access easements, whether public or private."). The court explained that including roads in calculating lot sizes "would be antithetical to the rationale justifying the requirement of open lot spaces in zoning regulations." *Id.* at 422. It relied on earlier cases in Indiana and California that held that a lot did not include the abutting street. *Id.* See *Montgomery v. Hinds*, 33 N.E. 1100, 1101 (Ind. 1893) (stating that "lot" and "street" are two distinct terms and that "lot" is the "platted territory" set apart for individual use and occupancy while "street" is the area set apart for use by the public); *Earl v. Dutour*, 183 P. 438, 438 (Cal. 1919) ("[W]e are of the opinion that the word 'lot,' as generally and customarily used, does not include such portion of the street.").

¶ 14. The other two, *Bankers Trust Co. v. Zoning Board of Appeals*, 345 A.2d 544 (Conn. 1974), and *Sommers v. Mayor of Baltimore*, 135 A.2d 625 (Md. 1957), also support plaintiff's position here although they involved easements rather than public streets. *Sommers* held that because the public had regularly used an alley, the land under the easement for the alley could not be considered part of the lot to meet minimum area requirements. *Sommers*, 135 A.2d at 627. In *Bankers Trust Co.*, the court held that a public right of way, over land owned by the owner of the land on either side of the right of way, prevented the lots on either side of the right of way from being merged for purposes of a minimum lot size requirement. *Bankers Trust Co.*, 345 A.2d at 549.

¶ 15. The three cases cited in *Wilcox* are representative of more recent decisions. See *Mudge v. Precinct of Haverhill Corner*, 587 A.2d 603, 606-07 (N.H. 1991) (excluding land contained in streets, public or private, which give access to lots); *Mall, Inc. v. City of Seattle*, 739 P.2d 668, 671 (Wash. 1987) (en banc) (holding same). Thus, a leading zoning treatise states: "In computing the size of the lots, land contained in streets, public or private, which give access to the lot is excluded." 3 E. Zeigler, Rathkopf's The Law of Zoning and Planning § 51:17 (4th ed. 2004).

¶ 16. We recognize that the decisions relied upon in *Wilcox* in turn rely upon definitions of "lot" contained in applicable zoning ordinances. They demonstrate, however, the similarity of the definitions of the term contained in zoning ordinances. The definition in the Arlington zoning ordinance, although not controlling of the meaning of § 4406(1), shows the similarity. Under the ordinance, "lot" is:

> Land occupied or designed to be occupied by a building and its accessory buildings, by a dwelling group and its accessory buildings, together with such open space as is required under the provisions of this Bylaw for a lot in the district in which this land is located, and having its principal frontage on a street or highway, or such other means of access as may be determined by law to be adequate as a condition of issuance of a permit to build on such land.

This definition is very close to that in the cases from other jurisdictions. See *Loveladies*, 159 A.2d at 421; *Sommers*, 135 A.2d at 627; *Bankers Trust Co.*, 345 A.2d at 546 n.4. Anderson's American Law of Zoning defines "lot" as:

> a parcel of land occupied by one building and the accessory buildings or uses customarily incident to it, including such

open spaces as are arranged and designed to be used in connection with such buildings. 3 K. Young, Anderson's American Law of Zoning § 18.15 (4th ed. 1996). Under any of these definitions, land can be included in the lot size only if it is under buildings or represents open space or incidental uses.

¶ 17. We cannot consider a public highway to be a use incidental to the primary use on an abutting property. Nor can it be considered open space. See *Bd. of County Comm'rs v. City of Aurora*, 62 P.3d 1049, 1052-53 (Colo. Ct. App. 2002) (holding that a roadway could not be deemed open space because it has been improved by grading and surfacing); *Bankers Trust Co.*, 345 A.2d at 549 (concluding that an unimproved roadway could not fall under definition of "open space"); *Loveladies*, 159 A.2d at 422 (explaining that private ways cannot be included as open spaces of a lot). We do not disagree with the environmental court's rationale that the practical inability to develop land does not require its exclusion from a "lot" within the meaning of the statute. For example, land under Neshobe Brook, although not easily developed, is included in the minimum lot size requirement for purposes of the statute. *Town of Castleton*, 139 Vt. at 601, 431 A.2d at 488. In contrast, land under a road is already developed and for a use incompatible with other uses by the owner. We cannot conclude that it should be included in the owner's lot for determining compliance with § 4406(1).

¶ 18. Because we conclude that the environmental court erred in finding applicant's lot to be a preexisting undersized lot which applicant has a right to develop under 24 V.S.A. § 4406(1), we do not reach its further holding that applicant is entitled to a variance from the setback requirements. Nor do we consider whether applicant might qualify for a further variance from the minimum lot size requirement.

*Reversed.*

¶ 19. **Reiber, J.,** dissenting. Applicant requests reargument pursuant to Vermont Rule of Appellate Procedure 40. Rule 40 requires the movant to state "points of law or fact, presented in the briefs upon the original argument," which the movant contends the court overlooked or misapprehended. In the proceedings below, the Town of Arlington construed the local ordinance to provide for less restrictive development. The environmental court concluded that applicant's lot qualified as an existing small lot under the zoning bylaw. We reversed based on the state statute, 24 V.S.A. § 4406(1).

¶ 20. Applicant, Black Locust Development, LLC, argues that we overlooked or misapprehended issues before us. Applicant contends that the issue before us concerned interpretation of a local ordinance, and not the state statute. Applicant has brought to the Court's attention a recent amendment to the controlling statute that permits local bylaws to be "less restrictive of development of existing small lots." 24 V.S.A. § 4412(2)(C) (effective July 1, 2004). This amendment became effective after the parties briefed the issues and argued before this Court. The amendment demonstrates the Legislature's intent to provide towns with more control over local development.

¶ 21. In light of the amendment, we should allow the parties to present argument on: (1) whether the amendment applies retroactively; and (2) if the amendment applies to this case, how the amendment changes the analysis of the existing small lot statute.

Note: Chief Justice Amestoy sat for oral argument but did not participate in this decision.