STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 146-10-13 Vtec |

| | |
|---|---|
| Goodrich Retaining Wall & Access<br>Application | DECISION ON MOTION |

**Decision on Cross-Motions for Summary Judgment**

In the pending matter, David Goodrich ("Appellant") appeals the decision of the Town of Milton Development Review Board ("the DRB") denying his application to construct a retaining wall adjacent to Lake Champlain on property over which he holds an easement for lake access. The Town of Milton Zoning Administrator ("the ZA") denied the current application[1] because the application form was not signed by the owners of the property as required by the Town of Milton, Vermont Zoning Regulations ("the Regulations"). Appellant timely appealed this determination to the DRB. The DRB affirmed the ZA's decision and held that the application required the signature of the owner of the property as defined in the Regulations. Appellant appeals that decision to this Court.

Appellant now seeks judgment as a matter of law that he is legally permitted to sign as the owner of the property because of the easement interest he holds in that property. The Town of Milton ("the Town") filed a cross motion for summary judgment asking the Court to deny the application because the fee owner did not sign the application.

Appellant was represented before the DRB and is represented in this appeal by Michael D. Johnson, Esq. The Town is represented by David W. Rugh, Esq. Felicia Montineri and Mary Ellen Harvey ("Owners"), the fee owners of the land over which Appellant holds the easement, were represented before the DRB by Carl H. Lisman, Esq. Owners, represented by Attorney Lisman, moved to intervene in this appeal on March 24, 2014, and the Court granted that

---

[1] The record indicates that Mr. Goodrich filed at least two prior applications for the same retaining wall, both of which the ZA denied. The present appeal relates to Appellant's third application for the retaining wall. As the parties have not briefed the issue of whether the application currently appealed to this Court should be barred by the prior applications, the Court does not consider this issue.

motion on March 28, 2014. Owners have chosen not to file memoranda in response to the pending cross-motions for summary judgment.

## Factual Background

For the purpose of putting the pending motions into context, the Court recites the following material facts, which it understands to be undisputed unless otherwise noted:

1.    Appellant obtained his property from Owners as part of a six-lot subdivision, referred to by the DRB as the "Clements Subdivision PUD." Appellant owns Lots 2 and 3 from the subdivision, neither of which front on Lake Champlain.

2.    As part of the subdivision, an easement for lake access was granted for the benefit of the owner of Lots 2 and 3 across Lot 4. This easement was located on the southern side of Lot 4. Both Appellant and Owners applied to the DRB to change the easement from the southern side of Lot 4 to the northern side, among other changes to the subdivision approval not relevant here. The change was necessary because the entire project was subject to the PUD/subdivision approval. Owners granted a 32-feet-wide, exclusive easement to Appellant across the northern side of Lot 4. The easement provides lake access and expressly allows Appellant to construct a dock, moorings, or other lake related activities on the portion of the Lot 4 lakefront area subject to the easement. It also requires that Appellant maintain this portion of the lakefront property subject to the easement.

3.    In a November 15, 2012 vote, followed by a written decision issued December 13, 2012, the DRB approved Appellant's and Owners' subdivision amendment application. However, the DRB stated that the change in the lake access easement from the southern side of Lot 4 to the northern side of Lot 4 was not effective until a revised site plan and plat were submitted to the DRB, approved by the DRB, and recorded in the land records. These requirements were included as conditions of the DRB approval of the subdivision amendment application.

4.    On May 3, 2013, Appellant submitted an application to the ZA seeking to construct a retaining wall along the portion of the northern side of Lot 4 subject to the easement. The ZA denied the application that same day because it did not satisfy the subdivision amendment approval conditions, including the requirement to record in the land

2

records the updated site plan and plat depicting the change in the lake access easement. Mr. Goodrich did not appeal the ZA's May 3, 2013 decision to the DRB.

5.     On June 28, 2013, Appellant filed a second application seeking to construct the same retaining wall proposed in the May 3, 2013 application. The record does not indicate whether the conditions of the subdivision amendment approval had been met as of May 3 or whether they have since been met. On July 1, 2013, the ZA denied the application. The ZA stated that the application form required the signature of the owner of the property as defined in the Regulations and that Appellant was not the owner and therefore could not sign as the owner. The ZA determined that because Owners had not signed the application, it must be denied. Appellant did not appeal the ZA's July 1, 2013 decision to the DRB.

6.     On August 8, 2013, Appellant again filed an application seeking to construct the same retaining wall. The drawing depicting the proposed construction is identical on all three applications. Appellant again signed the application as both the owner and applicant. On August 23, 2013, the ZA denied the application because it was not signed by the owner of the property as defined in the Regulations. Appellant timely appealed this decision to the DRB.

7.     On September 26, 2013, the DRB held a public hearing on the appeal. After hearing from Appellant and Owners' attorneys, the DRB voted unanimously to deny the application. A written decision was issued October 10, 2013. The DRB found that the ZA correctly interpreted the Regulations' definition of owner and properly denied the application by applying that interpretation. The DRB further noted that it did not have the jurisdiction to determine the parties' property rights. Appellant timely appealed that decision to this Court.

### Discussion

In his motion for summary judgment, Appellant argues that because he has an exclusive easement over the 32-foot stretch of land, he may sign as the "owner of the property" in his application to build a retaining wall on the property subject to the easement. The Regulations define "ownership" as either "fee ownership or a leasehold interest of at least ninety-nine (99) years." Regulations § 1000(6).

The Town argues that the plain language of the Regulations' definition of "ownership" is clear and unambiguous and should be enforced because it does not lead to irrational results

3

and is not contrary to the purpose of the Regulations. The Town admits for the purpose of the present motions that Appellant has an easement over the property at issue but does not waive its arguments over the scope of that property interest. The Town also argues that in order to adopt Appellant's view, this Court would have to determine the extent of Appellant's property rights in the easement. Apart from the dispute over the legal scope of Appellant's easement, all facts are undisputed by the parties and therefore the issues presented are appropriate for summary judgment.

**I.  Summary Judgment Standard**

We will grant summary judgment if a moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering cross-motions for summary judgment, a trial court must consider each motion individually and give the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.

**II.  Ownership of the Subject Property**

The primary dispute raised in this appeal is whether or not Appellant can sign the application form as the "owner" of the property that is the subject of his proposed project. This Court does not have jurisdiction to determine the extent of Appellant's property rights granted to him in the easement from Owners. The Vermont Superior Court, Civil Division, in the County where the property lies is the forum vested with exclusive jurisdiction to determine property rights, and we will not wade into its jurisdiction without authority. As we have recognized, however, we have the authority and duty to determine whether an applicant has made a sufficient threshold showing of a lawful interest and right to develop the subject property as proposed; this standard allows this Court to decide whether the proposed use or development is in accord with the applicable municipal regulations. E.g., In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.).

Here, under the Regulations, Appellant has failed to make this threshold showing. The application to develop land in the Town of Milton requires the signatures of the owner of the property as well as the applicant. Thus, where the applicant is not the owner of the land, the

4

owner's consent, as exhibited by a signature, is required. This requirement is reasonable, as this Court has recognized "[t]he purpose of requiring the identity of a landowner on an application for a municipal land use approval is to ensure that the landowner, who has a substantial interest in his or her property, supports the proposed use of the property." In re S. Vt. Beagle Club, No. 142-9-11 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2013) (Walsh, J.). The Regulations define "ownership" as either "fee ownership or a leasehold interest of at least ninety-nine (99) years." Regulations § 1000(6). Appellant has not shown that he fits one of these categories and that he therefore has authority to develop the property as proposed.

Appellant does not dispute that he only has an easement interest in the subject property and not fee ownership.[2] Where the language of a municipal regulation is plain and unambiguous, this Court is directed to apply the language without further interpretation in order to implement the intent of the drafters. E.g., In re Weeks, 167 Vt. 551, 554 (1998). Thus, because Appellant has not shown that he is the fee owner of the property or that he has a leasehold interest of 99 years or more, he has not shown that he has authority to develop the land.

Delving in to the specific nature of Appellant's proposed development does not change our determination here. Appellant seeks a permit to authorize construction of a retaining wall on the shores of Lake Champlain, not on property he owns, but on property over which he has an easement. Had Appellant presented some evidence that he "owns" an easement that specifically authorizes him to construct the retaining wall he now proposes, we may have the foundation to reach a different result. But Appellant does not provide sufficient evidence that he has the specific authority to construct what he proposes, where he proposes.

Based on the undisputed facts before us, Appellant has not shown that he has the requisite property interest to develop the land in question. We therefore **GRANT** summary judgment in the Town's favor, finding as a matter of law that Appellant's application must be denied, and **DENY** Appellant's motion for summary judgment.

---

[2] Appellant does argue that the easement is "exclusive" and gives him rights equivalent to fee ownership. This Court is without jurisdiction to interpret the easement and determine Appellant's rights under it. If Appellant seeks a declaration that the easement grants him the equivalent of fee ownership, he must petition for such a declaration in the court with jurisdiction over that property rights claim, the Vermont Superior Court, Civil Division. We are not aware of any legal authority for regarding an "exclusive easement" as the equal to fee ownership.

This concludes the pending matter before the Court.  A Judgment Order accompanies this Decision.

Electronically signed at Newfane, Vermont on June 12, 2014 at 10:12 AM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

DO NOT TYPE ON OR BELOW THIS LINE.May 7, 2014rkanecaptionVermontVERMONTEnvironmentalENVIRONMENTALEnvironmentalENVIRON MENTALecmdrbapza146-10-13 VtecGoodrich Retaining Wall & Access ApplicationSuperior CourtVermontVermont2418 Airport Road, Suite 1BarreVermont05641

David                                                                                                                    Goodrich

(802)                          828-166010/30/2013October                    30,                    2013