STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Appeal of Jenness & Berrie      }      Docket No. 134-7-04 Vtec
}
}

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicants Frederick L. Jenness and David S. Berrie appealed from the decision of the Zoning Board of Adjustment (ZBA) of the Town of Dummerston denying their zoning permit for the construction of a house on Stickney Brook Road. Appellant-Applicants are represented by Timothy J. O'Connor Jr., Esq. and Elana S. Baron, Esq.; the Town is represented by Robert M. Fisher, Esq., and Interested Persons Judith and Raymond Enello are represented by Walter G. French, Esq.

Appellant-Applicants and the Enellos have each moved for summary judgment on the questions of whether the subject property qualifies for the small lot exemption in §601 of the Zoning Bylaw; whether a variance is needed to develop the property as proposed; and whether the application has changed so significantly since the ZBA decision appealed from to require remand to the ZBA. The following facts are undisputed unless otherwise noted.

Appellant-Applicants own a 1.1-acre parcel of land in the Rural Residential zoning district. The parcel is in the form of a very shallow trapezoid, three sides of which are segments of adjoining roadway. The parcel is bounded on its southerly side by a steep hill at the boundary of the Enello property, and on its other sides by segments of Stickney Brook Road, an unpaved town road (Town Highway 47). One segment of Stickney Brook Road is southeasterly of its intersection with Leonard Road; one segment of Stickney Brook Road is between its intersection with Leonard Road and its intersection with Beaver Road; and the third segment turns to the south after the intersection with Beaver Road. The property's width and depth measurements both exceed 40 feet.

Appellant-Applicants' parcel does not meet the two-acre minimum lot size for the Rural Residential zoning district. §220. If it is a pre-existing undersized lot, it could still be developed for a use permitted in the district if it had been in separate ownership from surrounding lots as of the enactment of the zoning bylaw that established the minimum lot size, as it is greater than one-eighth acre in area and has a minimum depth and width of forty feet[1]. §601; also see 24 V.S.A. §4412(2) (formerly §4406(1)). The Town's first

---

[1] This so-called small lot exemption only exempts an existing small lot from the lot size, lot depth and lot width (frontage) requirements, not from any of the setbacks or other dimensional requirements. If any of those other requirements cannot be met, the proposal would also require a variance.

interim zoning bylaw was adopted in 1969; the parties have not provided information as to when the minimum 2-acre lot size was adopted for this district, making this parcel nonconforming as to lot size.

As of 1940, a .9-acre parcel across (to the northeast of) Stickney Brook Road, containing a house and a garage, as well as the subject property, were owned by Frank Amato in a single deed. In 1940, Amato sold the improved lot northeast of Stickney Brook Road to the Boyingtons, retaining the subject parcel. In 1960, the Boyingtons sold the improved lot northeast of Stickney Brook Road to Carl and Bernice Anderson. A few days later, the Andersons also purchased the subject property on the southerly side of Stickney Brook Road from Frank Amato. From 1960 until 2001, the Andersons owned both the subject property and the improved lot northeast of Stickney Brook Road, holding them in separate deeds. The property was taxed as a single parcel.

In July of 2001, Bernice Anderson sold one acre of the subject property to Appellant-Applicants, recorded at Book 76, Page 54 of the land records. In October of 2001, she sold the improved lot northeast of Stickney Brook Road to other owners not involved in this litigation.

Earlier litigation (Docket No. 56-4-03 Vtec) involving Appellant-Applicants' appeal from the denial of a variance for a previous plan for this property was withdrawn with prejudice in January of 2004, leaving the denial of the variance in place. In March of

2004, Appellant-Applicants applied for a zoning permit to place 28' x 38' dwelling on the property, located as shown on an accompanying site plan. The Zoning Administrator's grant of that permit was appealed by the Enellos to the ZBA, which denied the permit in late June of 2004, resulting in the present appeal to this court. On December 7, 2004, Bernice Anderson quitclaimed to Appellant-Applicants additional land southerly of what had been the southerly boundary in the 2001 deed, and which is described in the 2004 deed as having been "inadvertently omitted" in the 2001 conveyance. This deed is recorded at Book 88, Page 345. Due to the December 2004 quitclaim deed, the available building envelope on the property is larger than it was at the time of the ZBA decision.

Absent language in the zoning ordinance to the contrary, "a parcel's exempt status as a non-conforming use is not diminished, nor is merger automatically triggered, when and if the parcel is brought into common ownership with an adjoining parcel after the effective date of the ordinance." Appeal of Weeks, 167 Vt. 551, 557 (1998). The Bylaw does not specifically address merger, but this parcel came into common ownership before the adoption of the first zoning ordinance. Thus, we must examine whether Stickney Brook Road functionally separates the two parcels and prevents them from being used as a single lot, to determine whether they did not merge in 1960 when they both came into the ownership of the Andersons. Wilcox v. Vill. of Manchester Zoning Bd. of Adjustment,

159 Vt. 193, 197 (1992); also see In re Bailey, 2005 VT 38, ¶ 12 ("a well-traveled roadway cannot be considered part of a 'lot'"). While this result may be suggested by the fact that they continued to be held in separate deeds and were sold separately again in 2001, material facts are in dispute, or at least have not been provided to the Court, regarding the extent of traffic on or use of Stickney Brook Road as it passes by this property. A telephone conference will be held to schedule this issue for hearing.

The parties also moved for summary judgment regarding whether, if Appellant-Applicants' lot were to qualify for the §601 existing-small-lot exemption, the lot also meets the §220 setback requirements for the construction of a single-family home. Section 220 requires for residential uses a 50-foot "building setback minimum;" a 75-foot "rear yard minimum;" and a 40-foot "side yard minimum." The Bylaw does not define "rear yard" or "side yard," and does not contain any special provisions for a corner lot. The Bylaw defines "building setback minimum," by reference to §615, which refers to the "front yard setback" and measures it from the roadway right-of-way or center line. Thus, the distinction between the front, side, and rear setbacks is not determined by where the architect has chosen to place the primary entrance to the building. Rather, the front setback is defined in terms of the building's relation to the adjoining roadway rights-of-way. Thus, in the present case, any structure to be constructed on this property must meet the

50-foot "building setback minimum," or front setback from each segment of Stickney Brook Road.

Because the property has three 'front' yard segments, its remaining boundary along the Enello parcel should be treated as a side yard, as it is the boundary adjacent to a 'front' yard; that boundary should not be treated as a rear yard. Compare[2], Appeal of Comi, Docket No. 95-6-04 Vtec (Vt. Envtl. Ct., Mar. 14, 2005), slip op. at 2; Appeal of Racine and Sousa, Docket No. 168-8-02 Vtec (Vt. Envtl. Ct., Jan. 10, 2003), slip op. at 3–4; Appeal of Green Mountain Habitat for Humanity and Appeal of Blair and Devlin, Docket Nos. 19-1-02 Vtec and 88-4-02 Vtec (Vt. Envtl. Ct., Dec. 12, 2002), slip op. at 5; Appeal of Heffernan et al., Docket No. 170-8-00 Vtec (Vt. Envtl. Ct., Sept. 24, 2001), slip op. at 4. Therefore, the remaining boundary along the Enello parcel must meet the 40-foot side yard setback requirement. §220.

Applying the 50-foot front setback and the 40-foot side setback leaves an ample building envelope for Appellant-Applicants to construct or place a single-family residence in compliance with the dimensional requirements of the Bylaw; however, the most recently proposed placement does not comply with that building envelope. (See attached diagram.) The orientation of the house in relation to the boundaries, that is, the location

---

[2] The Town may wish to consider specifically addressing the treatment of corner lots in subsequent zoning ordinance amendments.

of the entrances, does not affect the available building envelope. Because there appears to be an adequate building envelope, the property does not require a variance from the setback requirements. Indeed, it is difficult to see how it could meet the second of the five variance criteria, 24 V.S.A. §4469(a)(2), which requires a showing that there is "no possibility that the property can be developed in strict conformity with the provisions of the bylaw and that the authorization of a variance is therefore necessary to enable the reasonable use of the property."

Because the property is larger than it was at the time of the ZBA decision on appeal in this case, because Appellant-Applicants have changed the placement and the orientation of the house, and because the placement of the house as proposed fails to comply with the setbacks (building envelope) as defined by this decision, a complying proposal will need to be reviewed at the municipal level before it is properly before the Court.

Appellant-Applicants could submit that application while this appeal is pending, so that any appeal of it could be consolidated with this appeal already before the Court. In the alternative, they may wish to have the Court conclude its hearing and rule on whether the property qualifies for the existing small lot exemption, prior to taking the revised application to the ZBA. As the Court is obligated under V.R.E.C.P. 2(b) to sequence related appeals to make the most efficient and effective use of the Court's and the parties' time, we ask the parties to discuss the necessary timing with the case manager at the telephone conference, and note that a reduced filing fee would apply to any such additional appeal, as long as the present appeal is still pending.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' motion for summary judgment is GRANTED in part, as to the applicable setbacks and resulting building envelope, and as to the scope of the existing small lot exemption (relieving an applicant from the lot size, width and depth requirements but no other dimensional requirements), but it is otherwise DENIED as material facts are in dispute as to whether merger has occurred or whether the lot qualifies as an existing small lot. Interested Persons' cross-motion for summary judgment is GRANTED in part, as to the need for municipal consideration of any revised application, but it is otherwise DENIED.

Please see the enclosed notice of the telephone conference scheduled with the case manager in this matter.

Done at Berlin, Vermont, this 6th day of September, 2005.

_____

Merideth Wright

Environmental Judge

(Note: attached diagram omitted in electronic version of this decision.)