STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Appeal of Jenness & Berrie | } | Docket No. 134-7-04 Vtec |
|  | } |  |
|  | } |  |

Decision and Order on Cross-Motions for Summary Judgment

Appellant-Applicants Frederick L. Jenness and David S. Berrie appealed from the decision of the Zoning Board of Adjustment (ZBA) of the Town of Dummerston denying their zoning permit for the construction of a house on Stickney Brook Road. Appellant-Applicants are represented by Timothy J. O'Connor Jr., Esq. and Elana S. Baron, Esq.; the Town is represented by Robert M. Fisher, Esq., and Interested Persons Judith and Raymond Enello are represented by Walter G. French, Esq.

The September 6, 2005 Decision and Order in this matter resolved issues relating to the applicable setbacks and building envelope, and as to the scope of the exemption for existing small lots, but recognized that material facts remained in dispute as to whether merger had occurred during the period during which the property was held in common ownership with property across Stickney Brook Road at the time the Town adopted a two-acre minimum lot size for the Rural Residential zoning district in which the property is located. §220 of the Zoning Bylaw. The parcel at issue in the present case is 1.1 acres in size, but was held in common with a 0.9-acre parcel on the other side of Stickney Brook Road at the time that the two-acre minimum lot size went into effect, so that if the two lots had merged, they would have met the two-acre-minimum-lot-size requirement.

A merits hearing is scheduled for August 31, 2006, to take evidence on the question of merger; that is, to determine if Stickney Brook Road functionally separated the two parcels. Ample time was allowed for discovery on this issue, and on May 2, 2006,

1

Appellant-Applicants renewed their motion for summary judgment on this issue, followed by a cross-motion for summary judgment filed jointly by the Town and the Interested Persons.

Appellant-Applicants reiterate their earlier argument that, merely because Stickney Brook Road is a town road and not a private road or driveway, it is a substantial "barrier that interferes with the ability to enjoy and use [the] two lots as a single parcel," citing Appeal of Weeks, 167 Vt. 551, 553-54 (1998), and Wilcox v. Village of Manchester Zoning Board of Adjustment, 159 Vt. 193 (1992). However, Appellant-Applicants have not provided any evidence or affidavits in support of the actual degree of use of Stickney Brook Road at the subject property in 1971 when the two-acre minimum lot size was adopted. In re Appeal of Richards, 2005 VT 23, ¶¶8-9.

The Town adopted interim zoning in 1969 and its first zoning bylaw in 1971; the parties do not dispute that the two-acre minimum lot size took effect at least in 1971. As described in the September 6, 2005 decision in this matter, the two parcels on opposite sides of Stickney Brook Road were held by the same owner from 1960 until 2001 when Appellant-Applicants' purchased their undersized 1.1-acre parcel. The two parcels were held in separate deeds but were taxed as a single parcel. In July of 2001, the owner sold the 1.1-acre subject property to Appellant-Applicants; in October of 2001, the owner sold the 0.9-acre lot northeast of Stickney Brook Road (improved with an existing house and garage) to other owners not involved in this litigation: Timothy C. and Susan F. Janos.

Stickney Brook Road has remained in its present location from before 1960 to the present day (although some of the road-naming conventions may have changed in the area with the advent of the emergency telephone E911 system). Stickney Brook Road itself was a dead-end road in the late 1960s and early 1970s. It is now a gravel road leading uphill from Route 30 through a wooded rural residential area of Dummerston, which connects with two other gravel town roads at the subject property; two of the roads continue to

2

connect further with other gravel roads in the area, but no affidavits submitted in support of the present motions suggests that it was used as a through route in 1971, or even that it is used as a through route in the present day.

In order to prevail at trial or on their motion for summary judgment, in addition to demonstrating that the road existed in its present location, Appellant-Applicants have the burden of showing that in 1971, when zoning was adopted by the Town, Stickney Brook Road's use was such that it functionally separated Appellant-Applicants' 1.1-acre parcel from the 0.9-acre parcel across the road. This is an element essential to Appellant-Applicants' case on which they would have the burden of proof at trial.

Appellant-Applicants' motion for summary judgment fails to meet this burden. Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989). They offer no evidence or affidavits relating to the use of the road in 1971. Beyond their argument based on the fact that it is not a private driveway or road, Appellant-Applicants offer only the conclusory statement that former Town selectman Sylvio L. Forrett, who lived within a mile of the parcel for some years prior to 1960, is "willing and able" to produce unspecified evidence relating to the road's historic use "before and after 1960" (presumably including its use in 1971). They have not provided that evidence in affidavit form and have not even stated what that evidence is. As of these renewed motions for summary judgment, therefore, they have failed to produce sufficient evidence to establish the existence of an element essential to prove their prima facie case.

Appellant-Applicants also argue that the Court should interpret the Zoning Bylaw by applying the definition of parcel (of land) in the state Wastewater System and Potable Water Supply Rules, which define tracts of land divided by a state or municipal highway right-of-way as not being contiguous. These rules have no application to the determination of whether a lot is an existing small lot under the municipal zoning ordinance and the state zoning enabling act, 24 V.S.A. Chapter 117.

3

In support of their joint cross-motion for summary judgment, the Town and Interested Persons refer to Appellant-Applicants' own depositions, in which they stated that an owner could make use of both properties as a single property. They also submit the affidavit of a long time resident of the area, James Kendall Lucy, who has lived on Leonard Road, within a mile of the subject parcel, since at least 1955, when he was three years old. He explained that in the late 1960s and early 1970s, only Leonard Road was a through road, both other roads beyond the subject parcel were dead end roads with relatively few residences. According to Mr. Lucy, in that time period traffic on the road was so infrequent, and the number of residences in the area so few, that children would commonly use Leonard Road as a sledding or go-kart run, traveling downhill on Leonard Road towards and across Stickney Brook Road, and ending on the subject parcel, without any concern regarding the possibility of traffic on Stickney Brook Road. Mr. Lucy recalled that one former resident of the house on the improved parcel used the subject parcel to practice track and field events, including the javelin throw. If the only evidence at trial is that provided in support of the summary judgment motions, it will require a conclusion that the use of Stickney Brook Road in 1971 was not such as to prevent the common owner of the two parcels at issue in this appeal from using and enjoying them as a single parcel.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' renewed motion for summary judgment is DENIED. Moreover, unless additional evidence in support of Appellant-Applicants' case exists to be adduced at trial, the motion for summary judgment filed jointly by the Town and the Interested Persons will be GRANTED, effective at noon on August 8, 2006, as even giving Appellant-Applicants the benefit of all reasonable doubts and inferences, no genuine issue of material fact exists to contest that the use of this segment of Stickney Brook Road in 1971 was not substantial enough to functionally separate the use of Appellant-Applicants' 1.1-acre parcel

4

from the 0.9-acre parcel on the other side of the road.

The August 31, 2006 hearing is therefore CANCELLED. On or before August 7, if Appellant-Applicants submit an offer of proof, supported by appropriate affidavits, concerning specific evidence they would present at trial regarding the use of Stickney Brook Road in 1971, the Court will consider their motion to reinstate the case for trial; however, the parties are advised that it would have to be reset no earlier than September or October and would be conditioned upon payment of the other parties' costs associated with the present motions and associated with the rescheduling of the trial. In the event that the case were to be reinstated for trial, the Court would also at that time consider any motion to preserve any witness' evidence in video deposition form, or to present such evidence by agreement in that form.

Done at Berlin, Vermont, this 27th day of July, 2006.

_____
Merideth Wright
Environmental Judge

5