**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Teitscheid   }
          }
          }  Docket No. 124-7-04 Vtec
          }
          }

Decision and Order on Appellees' Motion for Summary Judgment

Appellant Ralph J. Teitscheid appealed from a decision of the Planning Commission of the Town of Cornwall, granting a subdivision permit to Appellees Berringer. Appellant represents himself; Appellees Hoyt and Nancy Berringer are represented by F. Rendol Barlow, Esq.; and the Town is represented by James C. Foley, Jr., Esq.

Appellees' motion to dismiss was denied by entry order on November 29, 2004, as was Appellant's motion for reconsideration of his motion for stay. In that entry order, the Court mistakenly ruled that additional information, including the subdivision regulations, would be necessary before the Court could rule on the motion for summary judgment. In fact, the apparently-missing information had been provided with the motion for summary judgment, but had been misplaced in the Court's files. In that order, the Court also gave the Town until December 2, 2004, to file any memorandum if it wished to be heard on the question of whether a subdivision permit is required. The Town's attorney has informed the Court that the Town does not intend to file a memorandum, and the matter is ready for the Court's consideration.

The following facts are undisputed unless otherwise noted. In 2002 Appellees purchased approximately 145 acres of land, of which approximately 117 acres lies to the north of Clark Road and approximately 28 acres lies to the south of Clark Road. Clark Road is a town road, providing public access to Vermont Route 30.

Appellant asserts that a small portion of the land purchased by Appellees lying to the north of Clark Road instead belongs to him and, presumably, that it was or should have been excluded from the sale to Appellees. We will refer to the land as "the land purchased by Appellees" (and not as ' Appellees' land' ) to make clear that a small portion of that land is claimed by Appellant as belonging to him and excluded from Appellees' land.

Clark Road has been in existence as a town road in its present location with respect to the land purchased by Appellees since before the adoption of the Cornwall Subdivision Regulations. Its use as a town road functionally separates that portion of the land purchased by Appellees lying to the north of the road from that portion of the land purchased by Appellees lying to the south of the road. Each portion meets all the minimum lot size and other dimensional requirements under the applicable zoning regulations, but even if they did not, their functional separation in the present case would allow them to be treated as separate existing parcels under the zoning and

subdivision regulations. See, <u>Wilcox v. Village of Manchester Zoning Bd. of Adj.</u>, 159 Vt. 193, 198 (1992).

Because they are functionally separate parcels, no subdivision permit should have been required for Appellees to sell the portion of the land purchased by them and lying to the north of Clark Road, and to retain the portion of the land purchased by them and lying to the south of Clark Road. The fact that the definition of 'ubdivision' refers to the division of a parcel of land " with or without streets" into two or more lots does not change this result. Some subdivisions are laid out with proposed private or public streets at the time of dividing up the lots for sale; the presence of those streets does not insulate the proposal from being considered in its entirety a subdivision. As discussed in <u>Wilcox</u>, the fact that a street is laid out " as lines on a plan" does not necessarily answer the question; it is necessary to determine whether the roadway functionally prevents the use of the two segments as a single parcel.

We emphasize that this decision does not decide the size or shape of or Appellant' s claim to some portion of the land purchased by Appellees lying to the north of Clark Road. As explained in the conferences and again in the November 29, 2004 entry order, if Appellant claims some of that land, he may wish to consider filing that claim in Superior Court. If Appellees sell the land lying to the north of Clark Road, it is possible that Appellant may continue to make that claim against any purchasers of that land, but that will be for the Superior Court to decide. This court does not have jurisdiction over boundary or private property disputes.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellees' Motion for Summary Judgment is GRANTED. No subdivision permit was required for Appellees to sell whatever land they own north of Clark Road as a single parcel. Appellant remains free to file any claim he may have to any portion of that land in Superior Court. The Environmental Court hearing scheduled for January 13, 2005, is hereby cancelled. This decision and order concludes the above-captioned appeal.

Done at Barre, Vermont, this 2nd day of December, 2004.


_____
Merideth Wright
Environmental Judge