STATE OF VERMONT
ENVIRONMENTAL COURT

In Re Wells Building Application     {     Docket No. 44-3-11 Vtec

## Decision on Cross-Motions for Summary Judgment

Duane Wells ("Applicant") appeals the Town of East Montpelier ("the Town") Development Review Board's ("the DRB") denial of his application to build a second house and garage on his property. The DRB's denial followed Applicant's appeal of a determination by the Town of East Montpelier Zoning Administrator ("the ZA") also denying his application. Currently pending before this Court are the parties' cross-motions for summary judgment concerning whether Applicant is entitled to a zoning permit to construct a dwelling and garage on a 1.67-acre portion of his property that is separated from a 1.26-acre portion of his property by a town highway known as Cutler Heights Road.

In this proceeding, Applicant is represented by Paul Gillies, Esq.; the Town is represented by Bruce Bjornlund, Esq.

## Factual background

For the sole purpose of putting the pending motions into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. Applicant owns approximately three acres of land that straddle Cutler Heights Road. His property is located in the Town's Rural Residential & Agricultural Zoning District, Zone D.

2. Applicant acquired this 3± acre parcel on November 30, 2010 in a deed that references the property as a single parcel of land.

3. Applicant's 3± acre parcel was originally part of a larger property, known prior to 1971 as the Cutler Farm. Applicant's property was first conveyed as a distinct lot on or about April 1, 1971. At that time, Cutler Heights Road was not a town highway, but rather a private right-of-way used to access other portions of Cutler Farm. What is now identified as Applicant's property was described in 1971 as a 3.4± acre parcel, with 0.4± acres identified as being encumbered by a private right-of-way.

4. According to the current Town of East Montpelier Land Use and Development Regulations ("the Regulations"), land located in Zone D must contain a minimum of three acres. Regulations Table 4.2(D).

5. A prior version of the Regulations provided minimum lot sizes of one acre.

6. Sometime in 1977, at the request of an individual wishing to develop lands located near what is now Applicant's property, the Town agreed to accept what was then a private right-of-way as a town highway. As a condition of the Town's acceptance, the developer agreed to improve the roadway to town specifications. This highway is now known as Cutler Heights Road.

7. Cutler Heights Road is now a Class 3 town highway serving five residential lots adjoining or near Applicant's property.

8. Applicant's property consists of 1.67 acres on the east side and 1.26 acres on the west side of the road. There is an existing single family home on the 1.26-acre portion. Applicant's property has consistently been described as a single lot, with acreage on either side of Cutler Heights Road.

9. In connection with and shortly after Applicant's purchase of this property, Applicant or his immediate predecessor in title filed two zoning applications to conduct certain building improvements on the property. In each of these prior applications, the property Applicant now owns was described as a single lot, consisting of 3± acres.

10. On December 16, 2010, Applicant filed an application with the ZA, seeking approval to build a single family home and three-car garage on the 1.67-acre portion of his property that lies to the east of Cutler Heights Road.

11. The ZA denied the application on January 27, 2011, finding that the two portions of Applicant's land had not previously been regarded as separate lots and that the road did not cause a subdivision of the property.[1]

12. Applicant appealed the ZA's decision to the DRB, which upheld the ZA's decision and denied the permit application.

13. Applicant thereafter filed a timely appeal of the DRB's decision with this Court.

---

[1] See ZA letter dated January 27, 2011. In this letter, the ZA states that current tax maps describe Applicant's property as containing 2.7± acres and that the entire parcel must therefore be regarded as not conforming to the Regulations' three-acre minimum lot size requirement. The total acreage of Applicant's property is not material to our disposition of the pending motions.

**Discussion**

In his motion for summary judgment, Applicant argues that the 1.67-acre portion of his property is a separate lot from the 1.26-acre portion and is therefore exempt from Zone D's three-acre minimum lot size requirement. In its cross-motion, the Town contends that Applicant's approximately three-acre property has always been considered a single parcel and thus the 1.67-acre portion should not be treated as a separate lot and is subject to the minimum lot size requirements.

For the reasons detailed below, we conclude that the two portions of Applicant's property have not previously been regarded as separate lots, that the Town roadway does not effectuate a natural subdivision, and that Applicant's land must continue to be regarded as one lot. Thus, we ultimately conclude that Applicant's land is not exempt from the Regulations' three-acre minimum lot size requirements for properties in Zone D.

### I.     Summary judgment standard

When a party files a motion for summary judgment, as here, she is requesting that the trial court dispense with her opponent's right to an evidentiary hearing and enter judgment on her behalf, in a summary fashion. As has been repeatedly stated, a trial court may only grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In considering the parties' cross-motions for summary judgment, we give each party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). We "accept as true the [factual] allegations made in opposition to [each] motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted).

### II.     The 1.67-acre parcel is not a separate lot entitled to an exemption from the Town's minimum lot size requirements

Whether Applicant is entitled to an exemption from the Town's minimum lot size requirements depends on the application of the Town's Regulations. Section 3.9(A) of the Regulations provides an exemption from minimum lot size requirements

3

and permits the development of any lot that was in "individual and separate and non-affiliated ownership from surrounding properties lawfully in existence on the effective date of these regulations. . . ."[2]  Thus, only properties that are in "individual and separate and non-affiliated ownership" when the applicable zoning regulations took effect may be exempt from the minimum lot size requirements.  In re Richards, 2005 VT 23, ¶ 8, 178 Vt. 478 (mem.).

To reach the conclusion that Applicant's property should be regarded as two lots and the 1.67-acre portion considered exempt from the minimum lot size requirements, we must first be provided with some evidence that at one point the land was regarded as two separate parcels, particularly during the time preceding the adoption of the Regulations' minimum lot size provisions in 1974.  Applicant argues that his property should now be regarded as two separate parcels because it was divided in 1971 by a private roadway that later became Cutler Heights Road.

Depending on its location and function, a right-of-way can effectuate a subdivision of a single parcel of land, particularly when the right-of-way separates two portions of the property in a way that prevents the portions from being used as a single lot.  Wilcox v. Vill. of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 197 (1992).  However, the existence of a right-of-way separating two parcels in common ownership does not automatically render the parcels separate lots.  Richards, 2005 VT 23, ¶ 7; Wilcox, 159 Vt. at 197–98.  For example, the use of a right-of-way as a driveway to serve a single residence does not necessarily make the property on one side of the driveway a separate lot from the property on the other side.  See Richards, 2005 VT 23, ¶ 11.  Nor does a public road running between two portions of a parcel create separate lots *where there is no evidence that either parcel was ever separately held*, or otherwise existed as an independent lot, at the time the town's zoning regulations took effect.  See In re Mastelli Constr. Application, No. 2009-072, slip op. at 2 (Vt. Sept. 4, 2009) (unpublished mem.) (emphasis added), available at http://www.vermontjudiciary.org/d-upeo/eo09-072.pdf.[3]

Here, Applicant offers no evidence indicating that the two portions of his property were ever considered separate lots.  Prior conveyances of the property

---

[2] This language reflects that found in 24 V.S.A. § 4412(2), which is the current version of 24 V.S.A. § 4406(1), cited in several cases discussed above.

[3]  Of particular interest here are the similarity of facts to the application in Mastelli, which also concerned property in the Town of East Montpelier, governed by the same zoning regulations.

indicate that it was deeded to Applicant and to his predecessors as a single 3.4± acre parcel, with 0.4± acres encumbered by a right-of-way. Applicant, or his immediate predecessor, filed two applications for zoning permits in early 2010, both of which described the property as a single parcel. It was not until Applicant submitted the application at issue here that he described the 1.67-acre portion of his property as a separate parcel. Moreover, the record before us shows that both portions of Applicant's property were in common ownership before the private roadway's creation and before the adoption of the applicable Regulations.

Citing Wilcox, Applicant argues that the road prevents the property from functioning as a single parcel because he cannot use it for his own benefit or alter it without the Town's permission. But the record before us provides no support for this assertion. All prior references to Applicant's property described it as one parcel. Approximately forty years ago, a right of way was established across this parcel to provide access to other properties that were once part of the Cutler Farm. The factual representations before us, including the prior zoning permit applications submitted by Applicant and his predecessor, evidence a single common use for the portions of the property on each side of Cutler Heights Road.

Applicant has not met his burden of showing that the 1.67- and 1.26-acre portions of his property were ever held in individual, separate, and non-affiliated ownership prior to the effective date of the Town's three-acre minimum lot size regulations. We therefore cannot regard the 1.67-acre portion of Applicant's property as a separate parcel, and his property is not exempt from the Regulations' minimum lot size requirements. Accordingly, Applicant's request for authority to build new dwelling structures on his 3± acre parcel must be **DENIED** as a matter of law.

## Conclusion

For the reasons detailed above, we **GRANT** the Town's motion for summary judgment, concluding that Applicant's property on Cutler Heights Road consists of one 3± acre parcel and that his request to build additional dwelling structures must be denied as a matter of law. For these same reasons, we **DENY** Applicant's competing motion for summary judgment.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court.

5

Done at Berlin, Vermont this 26th day of September, 2011.

_____

Thomas S. Durkin,
Environmental Judge