## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 159-11-14 Vtec |
| Packard Pine Ridge Lots Merger | DECISION ON MOTION |

### Revised Decision on Motion for Summary Judgment[1]

This matter relates to two adjoining parcels of land owned by Ellery E. Packard and Jennifer D. Packard (the Packards) located on Pine Ridge Road in the Pine Ridge Planed Residential Development in the Town of East Montpelier, Vermont (the Town).  The Packards purchased the first lot, Lot 9, in 1995 and purchased the second lot, Lot 8, at a tax sale in May 2008.  They reside at a house they built on Lot 9.  Both lots are less than two acres in size and are therefore undersized lots per the applicable East Montpelier Land Use & Development Regulations (Regulations), as amended January 6, 2009, which require a minimum lot size of three acres.

On July 3, 2014 the Packards sought the opinion of the Town of East Montpelier Zoning Administrator (ZA) as to whether they had the right to convey Lot 8 as a separate lot or whether the two lots had merged at purchase as a matter of law.  The ZA determined that pursuant to Regulations § 3.9 and 24 V.S.A. § 4412(2) the two lots had merged as a matter of law and therefore Lot 8 was not a separate transferrable lot.  The Packards appealed the ZA's determination to the East Montpelier Development Review Board (DRB).  The DRB held a hearing on the appeal on October 7, 2014 and voted unanimously to uphold the ZA's decision.  The vote was followed by a single page letter, dated October 8, 2014, memorializing the DRB's decision.  The Packards timely appealed that decision to this Court and now move for summary judgment in their favor asking the Court to conclude as a matter of law that the two lots remain

---

[1] The original decision on this motion, issued June 11, 2015, contained a minor typographical error.  In the second paragraph on Page 6 the Court referred to the Packards' Statement of Undisputed Material Facts as having been filed March 9, 2014.  This was in error; the Statement of Undisputed Material Facts was filed March 9, 2015.  At the request of the Packards' attorney we hereby correct this mistake and issue this revised decision.

separate and, therefore, that Lot 8 is freely transferrable by the Packards. Appellants are represented in this appeal by Stephen Reynes, Esq. and Hannah Smith, Esq. The Town of East Montpelier is represented by Bruce Bjornlund, Esq.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1. Ellery and Jennifer Packard own a 1.96 acre parcel of land, known as Lot 9, within the Pine Ridge Planned Residential Development (PRD) in the Town of East Montpelier, Vermont.

2. The Pine Ridge PRD was approved as a 14-lot subdivision and PRD in May of 1991 by the East Montpelier Planning Commission and Zoning Board of Approval. The approval allows for the creation of the 14 lots, each with a single-family residence and its own on-site septic system and water supply.

3. At the time of the subdivision all lots within the Pine Ridge PRD were located in the Zone C Zoning District per the East Montpelier Land Use & Development Regulations (Regulations), which allowed residential uses and had a minimum lot size of one acre.

4. The Packards purchased Lot 9 in 1995. They constructed a single-family residence on Lot 9, where they have resided since that time.

5. The lot immediately to the north of Lot 9 remains undeveloped. This lot, known as Lot 8, is approximately 1.53 acres.

6. Both Lots 8 and 9 front Pine Ridge Road, a Town road, along their southwestern and western boundaries, respectively, and the Winooski River along their eastern boundaries.

7. In May 2008 the Town sold Lot 8 to the Packards at a tax sale in order to satisfy back taxes owed on the lot. The sale provided that, pursuant to Vermont statute, the owners of Lot 8 had one year to redeem the property by paying all taxes dues, as well as any costs and fees, before title would pass to the Packards.

8.    Prior to 2008, runoff and other naturally occurring erosion created a deep and impassible ravine along the border between Lot 9 and Lot 8 from Pine Ridge Road and the Winooski River. This ravine or gully is unstable and impassible such that one cannot walk from Lot 8 to Lot 9 across the common boundary and must walk along on Pine Ridge Road.

9.    On January 6, 2009 the Town voted to amend the East Montpelier Land Use & Development Regulations. The amended Regulations included a change to the zoning district in which Lots 8 and 9 are located. Pursuant to the newly adopted Regulations, both lots are located in Zone D with a minimum lot size of 3 acres. The amended Regulations also included a change to the provisions regulating the treatment of preexisting undersized lots.

10.   On June 5, 2009, following non-redemption by the delinquent taxpayers who owned Lot 8, the Town Tax Collector executed a Tax collector's Deed transferring title to Lot 8 to the Packards.

11.   In July 2014, the Packards sought the opinion of the Town of East Montpelier Zoning administrator regarding whether Lots 8 and 9 had merged as a matter of law or whether the Packards were free to sell Lot 8 as a separate lot.

12.   The ZA issued a formal decision, dated August 8, 2014, stating that Lot 8 and Lot 9 had merged as a matter of law pursuant to Regulations § 3.9 and 24 V.S.A. § 4412(2).

13.   The East Montpelier Development Review Board upheld the decision of the ZA and the Packards timely appealed that decision to this Court.

## Analysis

The sole issue in this appeal is whether Lots 8 and 9 have merged under the Regulations and the statute. The Packards move for summary judgment on this issue and ask the Court to determine as a matter of law that the lots are separate based on the undisputed facts stated above. The Town asserts both that facts are in dispute and that as a matter of law the lots have merged.

We will grant a party summary judgment only where that party has established "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

3

of law." V.R.C.P. 56(a). The party moving for summary judgment must file a separate and concise statement of undisputed material facts with citation to admissible materials in the record that support them. V.R.C.P. 56(c). Where the opposing party fails to address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion. V.R.C.P. 56(e)(2). We must view the facts in the light most favorable to the nonmoving party and give the nonmovant the benefit of all reasonable doubts and inferences. White v. Harris, 2011 VT 115, ¶ 6 190 Vt. 647 (mem.).

The sole factual issue disputed by the Town relates to whether the Packards purchased Lot 8 before or after the zoning change on January 6, 2009. In their responsive pleading, the Packards agree that for the sake of this motion, the title to Lot 8 did not transfer until June 5, 2009, after the zoning change. Any dispute of fact as to when the Packards obtained an ownership interest in Lot 8 should, therefore, be resolved in favor of the Town as having occurred after the zoning change. We thus consider whether on the facts presented Lot 8 and 9 have merged.

A primary purpose of zoning is to gradually eliminate nonconformities. See Drumheller v. Shelburne Zoning Bd. of Adjustment, 155 Vt. 524, 529 (1990) (citing Hinsdale v. Village of Essex Jct., 153 Vt. 618, 626 (1990)) ("Lots that are smaller than the minimum lot size requirements are nonconforming uses, allowed only because the use preexists the applicable zoning requirement. A goal of zoning is to phase out such uses."). There is no doubt that under the current Regulations, both Lots 8 and 9 are nonconforming undersized lots as they do not contain the minimum three acres currently required by the Regulations. Pursuant to statute, preexisting undersized lots will generally retain their development potential:

> Any lot that is legally subdivided, is in individual and separate and nonaffiliated ownership from surrounding properties, and is in existence on the date of enactment of any bylaw, including an interim bylaw, may be developed for the purposes permitted in the district in which it is located, even though the small lot no longer conforms to minimum lot size requirements of the new bylaw or interim bylaw.

24 V.S.A. § 4412(2); see also Regulations § 3.9(b) (implementing § 4412(2)).

If, however, an existing small lot "subsequently comes under common ownership with one or more contiguous lots" the undersized lot "shall be deemed merged with the contiguous

4

lots for the purpose of these regulations." Regulations § 3.9(B) (emphasis added); see 24 V.S.A. § 4412(2)(B) ("The bylaw may provide that if an existing small lot subsequently comes under common ownership with one or more contiguous lots, the nonconforming lot shall be deemed merged with the contiguous lot."). Preexisting undersized lots that come under common ownership will therefore merge, losing their individual development potential.

Based on the undisputed facts, Lots 8 and 9 were under separate and nonaffiliated ownership at the time the zoning change went into effect. After the zoning change, the Packards took title to Lot 8 which adjoins Lot 9. Both lots are undersized and therefore, pursuant to § 3.9(B) of the Regulations, the two lots would merge absent any other considerations.

The Vermont Supreme Court has, however, acknowledged that where the two lots in question "cannot reasonably be considered a single lot under a generally accepted definition of lot" there should be no merger. Wilcox v. Vill. of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 197 (1992) (quoting Bankers Trust Co. v. Zoning Bd. of Appeals, 165 Conn. 624, 634 (1974)). In Wilcox and subsequent cases, the Supreme Court has considered whether a right-of-way separating two undersized lots was sufficient to interrupt the contiguity of the lots and prevent merger. "The Wilcox exception to merger asks the court to look at the function and location of the right-of-way to determine if it effectively prevents the use of the property as a single lot." In re Richards, 2005 VT 23, ¶ 11, 178 Vt. 478 (concluding that the function and location of the right of way was consistent with a single lot and therefore the two lots had merged).

The question now before this Court is whether natural site features which effectively prevent the use of the property as a single lot act as an exception to merger. This Court has previously answered that question in the affirmative. In re Weeks, No. E95-135, slip op. at 2–3 (Vt. Envtl. Ct. Oct. 28, 1996) (Wright, J.) (applying Wilcox and holding that where a ravine between two lots prevented their use as functionally one property, the lots did not merge). On appeal, the Vermont Supreme Court concluded that the lots in Weeks did not merge as a matter of law because there was no provision in the relevant zoning bylaw requiring merger of undersized lots that subsequently came under common ownership. In re Weeks, 167 Vt. 551,

5

555–56 (1998). Because the court concluded that the lots had not merged <u>regardless</u> of whether the ravine prevented the use of the lots as one property, the court "d[id] not reach the issue of whether physical attributes of the subject parcel can preclude merger . . . ." <u>Id</u>. at 554.

In the present case, the Regulations require merger of nonconforming lots that subsequently come under common ownership. This Court must determine what the Supreme Court did not address in <u>Weeks</u>: whether physical attributes of the property can preclude merger. The purpose behind the <u>Wilcox</u> exception to merger—to exempt mergers of lots that cannot be used functionally as a single lot—applies equally to this case as it did there. We must therefore determine whether the <u>function</u> and <u>location</u> of the interruption in contiguity between Lots 8 and 9 "effectively prevents the use of the property as a single lot." <u>Richards</u>, 2005 VT 23, ¶ 11.

Prior to the relevant zoning changes and the Packards' purchase of Lot 8, there existed a naturally occurring "deep, impassible gully or ravine along the border between the Packards' Lot 9 and abutting Lot 8." (Statement of Undisputed Material Facts at 2, filed Mar. 9, 2015). This fact is supported by the affidavit of a licensed surveyor with supporting site plans and pictures. The Town has not disputed this fact. The Court therefore accepts as undisputed that it is not practicable to pass from Lot 9 to Lot 8 along the common boundary between the two lots. A deep and impassible gully presents an even greater obstacle to the use of the property as one lot than even the most well-travelled right-of-way, as was the case in <u>Wilcox</u>. Because the impassible gully effectively severs the contiguity between the lots, we conclude that the lots cannot be used functionally as a single lot.

Furthermore, as the Supreme Court recognized in <u>Weeks</u>, "zoning ordinances are in derogation of common law property rights and that 'in construing land use regulations any uncertainty must be decided in favor of the property owner.'" 167 Vt. at 555 (quoting <u>In re Vitale</u>, 151 Vt. 580, 584 (1989)). Where the reasoning and purpose behind the <u>Wilcox</u> exception to merger strongly support a conclusion that an undersized lot retains its development potential despite common ownership, we will give the property owner the benefit of the exception.

6

## Conclusion

The Packards now own two undersized lots, Lots 8 and 9, that share a common boundary. There is, however, a deep and impassible gully completely separating the lots so that the two lots cannot be effectively used as a single lot. We therefore conclude that Lots 8 and 9 did not merge. The Court, therefore, **GRANTS** the Packards' motion for summary judgment, overturning the October 8, 2014 decision of the Town of East Montpelier Development Review Board, and we conclude that Lot 8 of the Pine Ridge subdivision remains a separate individual lot. This concludes the matter before the Court. A Judgment Order accompanies this decision.

Electronically signed on June 23, 2015 at 09:57 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division