STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Environmental Division | ENVIRONMENTAL DIVISION<br>Docket No. 3-1-15 Vtec |
| Beauregard NOV | DECISION ON MOTION |

Appellants Yves and Diane Beauregard seek summary judgment in their appeal from a notice of violation ("NOV") upheld by the Development Review Board ("DRB") of the Town of Berkshire, Vermont ("Town"). The NOV found that (1) a garage that Appellants built on their property at 1291 Berkshire Center Road violates Appellants' zoning permit because the garage does not comply with the setbacks imposed in that permit; (2) Appellants did not remove a box trailer from their property after constructing their garage, and removal of the trailer was a condition of the zoning permit; and (3) Appellants have a Quonset hut on their property without a permit for the structure.

In their summary judgment motion, Appellants argue that (1) because they proposed a garage that violated the Town setbacks in their permit application, and because the Town approved that proposal, the Town may not now challenge the location of the garage; (2) removal of the box trailer was not a permit condition; and (3) both the trailer and the Quonset hut have been in place for more than fifteen years, and therefore any violation is unenforceable under the fifteen-year statute of limitations under 24 V.S.A. § 4454(a). The Town and Interested Party Donald Couture (Appellants' neighbor) oppose the motion.

Appellants are represented by Attorney Hans Heussey. The Town is represented by Attorney Nicole Killoran. Interested Person Donald Couture is represented by Attorney Kevin Lumpkin.

**Factual Background**

For the sole purpose of deciding the pending motions, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.      Appellants own an improved parcel of land at 1291 Berkshire Center Road.

1

2. On May 8, 2003, Appellants filed an application for a zoning permit to build a 24-by-30-foot garage on their property.

3. On the second page of the application, in response to a prompt for a "[w]ritten description and cost estimate," Appellants wrote "WOOD FRAME CONSTRUCTION. CEMENT SLAB. THIS WILL REPLACE TWO (2) BOX TRAILERS."

4. The application included a sketch plan showing the proposed location of the garage. The sketch plan was to scale, and noted "1" = 40'" in the lower right hand corner of the plan. Appellants did not provide any specific measurements of the distances between the exterior walls of the proposed garage and their nearest property boundaries.

5. The sketch plan included a box representing the proposed garage. The longer dimension of the box was labeled as 30 feet.

6. Based on the nominal scale and the labeled dimension of the garage, the proposed site for the garage as shown on the sketch plan appears to be less than thirty feet from Appellants' side boundary and less than sixty-five feet from the centerline of the road that Appellant's property fronts.[1]

7. On June 15, 2003, the zoning administrator issued a zoning permit for the garage. This permit is included in a form entitled "Administrative Officer Action."

8. On the second page of the Administrative Officer Action form contains a title at the top, labeled "Zoning Permit." In the bottom margin of that page, the zoning administrator handwrote:

MUST MEET SETBACK REQUIREMENTS!        30' SIDE SETBACK
                                        65' FROM CENTERLINE

9. The second page of the Administrative Officer Action form also contains a series of questions asking whether the applicant had met the application requirements. The zoning administrator checked "yes" for all requirements. The zoning administrator handwrote "LOT SIZE GRANDFATHERED" next to a line asking "Proposal meets minimum lot area?" and handwrote

---

[1] Appellants argue that the zoning administrator could have discerned from the sketch plan that there was no possible way to site the garage that would have complied with the setbacks. The Town disputes this. This factual dispute is not material to our decision, since we ultimately hold that the handwritten notation on the zoning permit created an unambiguous condition, regardless of whether Appellants could have complied or not.

"GRANDFATHERED" next to a line asking "Proposal meets frontage requirements?" The zoning administrator checked "yes" (without any handwritten qualification) next to a line asking "Proposal meets setback requirements?"

10.     The Administrative Officer Action form had three options for a final disposition: "Approve the proposal – no other permits or approvals are required"; "Deny the proposal – no other permits or approvals are required"; and "Deny the proposal – pending: Site plan approval[,] Conditional use approval[,] Appeal for variance[,] Other permit." The administrator initialed the first option.  Thus, the completed Administrative Officer Action form constituted a zoning permit.

11.     No one appealed that permit.

12.     Appellants built the garage less than thirty feet from the adjoining property line and less than sixty-five feet from the centerline of roadway.  The parties dispute whether the garage as built conforms with the sketch plan Appellants attached to their application.

13.     Appellants have removed one of the two box trailers that were on their site when they filed the garage permit application.  The other box trailer is still on the site.  It is unclear where the remaining box trailer is located, although there is some indication that Appellants' remaining box trailer may be partially or wholly located on their neighbor's property.

14.     Appellants also maintain a Quonset hut on their property.

15.     Appellants assert that the box trailer and Quonset hut have been in place since 1997.  The Town and Interested Party Donald Couture assert that the hut and trailer have only been in place since 2002 or 2003.

16.     Sometime after the garage was built, the Town performed a town-wide tax assessment, during which an assessor inspected Appellants' property.  The Town asserts that this tax assessment occurred in 2008.

17.     In July of 2014, the Town issued Appellants an NOV for (1) violating the garage setback requirements in their zoning permit; (2) failing to remove one of their box trailers; and (3) building a Quonset hut without a permit.

18.     Appellants appealed the NOV to the DRB.  The DRB affirmed the NOV in December of 2014.

19.     Appellants appealed to this Court in January of 2015.

20.     After the Town Administrator issued the July 2014 NOV, Appellants applied for a variance from the setback requirements for the garage that they had already built.  In their presentation in support of the variance request, Appellants represented that their new garage was about five feet from their boundary line, which is well within the thirty-foot side yard setback area.

21.     The DRB denied the variance request.  No party appealed that DRB determination.

### Discussion

Appellants have moved for summary judgment in their favor, arguing that the location of their garage was approved in the permit issued by the zoning administrator (Question 7 in their Statement of Questions); that their permit did not require removal of their box trailers (Question 2); and that the Quonset hut and remaining trailer are protected by the statute of limitations on municipal enforcement against zoning violations in 24 V.S.A. § 4454(a) (Questions 3 and 8).[2]  The Town in turn argues that there are disputes of material fact regarding the statute of limitations issues and that Appellants' zoning permit includes conditions that Appellants comply with specified setbacks and remove the two box trailers.

We will grant summary judgment to a party if, giving the benefit of all reasonable doubts and inferences to the nonmovant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); Wilcox v. Village of Manchester Zoning Bd. of Adjustment, 159 Vt. 193, 196 (1992).

I.     Garage Setbacks

In Question 7 of their Statement of Questions, Appellants argue that the Town cannot "contest the location of the garage at this time when the location was approved by Zoning Permit 14/03."  The Town argues that disputes of material fact prevent summary judgment on this issue, and that the zoning permit did *not* approve the location of the garage, because the handwritten notation on the permit that the garage "MUST MEET SETBACK REQUIREMENTS!" imposed

---

[2]  Though Appellants moved for full (not partial) summary judgment, their motion does not address the issues presented in their Questions 4, 5, or 6 in their Statement of Questions.  We assume this is because Appellants would be entitled to complete relief if we were to grant them judgment on Questions 2, 3, 7, and 8.

4

a condition that the garage meet the setback requirements. We conclude that disputes of fact on this issue are not material, but that Appellants are not entitled to judgment as a matter of law.

We construe the terms of a permit using ordinary rules of statutory construction. In re Barry, 2011 VT 7, ¶ 19, 189 Vt. 183. Thus, we attempt first to give effect to the plain meaning of permit terms. In re Weeks, 167 Vt. 551, 554 (1998). If the meaning is plain, we go no further. Id. But, because a land use permit is in derogation of common law property rights, we construe any ambiguities in the permit in favor of the landowner. In re Barry, 2011 VT 7, ¶ 18. Furthermore, we must be "'particularly careful'" to protect property owners when a town seeks a harsh remedy for a zoning violation. Agency of Nat. Res. v. Weston, 2003 VT 58, ¶ 16, 175 Vt. 573 (quoting Vt. Agency of Nat. Res. v. Handy Family Enters., 163 Vt. 476, 481 (1995)).

With these legal standards in mind, we conclude that the 2003 permit unambiguously required the permitted garage to "meet setback requirements." We agree with Appellants that the sketch plan they submitted with their application appears to depict a garage in a location that would violate the applicable setbacks. But it is quite obvious to the Court that the zoning administrator added his handwritten notation in response to the apparent noncompliance in the sketch plan, and that the proposal was approved with the *added* requirement that it meet the applicable setbacks. Though the handwritten notation was not explicitly labeled a "condition," we note that there was no prompt on the pre-printed Administrative Officer Action form for "conditions" of approval.[3] The zoning administrator's indication on the second page of the Administrative Officer Action form that the proposal met all setback requirements also does not create an ambiguity. The proposal, as approved, *did* meet all setback requirements because of the zoning administrator's handwritten condition created that requirement.

Appellants attempt to liken this case to In re Tekram Partners, 2005 VT 92, 178 Vt. 628, and to re-cast this NOV as an impermissible "collateral attack" on a final and binding permit. In

---

[3] In their reply brief, Appellants assert that "the Permit Form has an entry space for [the] Zoning Administrator to check off if he or she intends to impose any additional conditions." Based on the copies of the permit form Appellants and the Town submitted to the Court, this appears to be plainly untrue. The second page of the form has a space for the zoning administrator to approve the proposal, deny the proposal, or deny the proposal pending, among other things, "conditional use approval." This is not at the same as a pre-printed prompt for the zoning administrator to include conditions of approval on the permit itself.

In re Tekram Partners, developers filed a site plan for a planned unit development in South Burlington, then deviated from the site plan during construction. Id. ¶¶ 2, 4. When construction was complete, the city zoning administrator inspected the property, and, though the deviations were plainly observable, issued an unconditional certificate of occupancy for the project. Id. ¶ 5. No one appealed the certificate of occupancy, and the certificate therefore became final and binding. Id. ¶ 8. Three years later, the city served a notice of violation on the developers because the project as built violated the applicable zoning ordinances. Id. ¶ 6. The Supreme Court held that the city was barred from prosecuting the noticed violations because the certificate of occupancy certified that the project complied with the zoning regulations, and the only avenue for challenging that determination was a timely appeal of the issued certificate under 24 V.S.A. § 4472. Id. The zoning enforcement action therefore amounted to an impermissible collateral attack on a final and binding land use determination. Id. ¶ 2.

This appeal is different from In re Tekram Partners. While a town may not collaterally attack the terms of a final and binding permit, a town is free to *enforce* the terms of that permit after it has become final and binding. See In re Barry, 2011 VT 7, ¶ 19 (quoting Hanson–Walbridge Funeral Home, Inc., 139 Vt. 288, 292 (1981)). Sometimes permit enforcement requires interpreting a permit's terms, but this is not the same thing as "collaterally attacking" a permit. See id. ¶ 20 (interpreting a permit's terms to determine whether the permit authorized a challenged use). Here, the Town issued a zoning permit, and that permit became final and binding. The Town then served an NOV *for violating the terms of the zoning permit*, arguing that the garage did not comply with a condition in that permit. We agree that, if the Town had issued an appealable certification of compliance sometime after the permit issued, Tekram and Section 4472 would bar this enforcement proceeding. Or if the Town had truly issued an unconditional permit and then sought to enforce the setback laws, Appellant's permit would protect them, since permittees may do whatever their permits authorize them to do. See In re Barry, 2011 VT 7, ¶ 18. But, unlike Tekram, Appellants here have not sought and received a certificate from the Town verifying that their development had been completed in accordance with the permit. This case is therefore squarely a question of permit interpretation and

6

enforcement, and the Town is not barred from enforcing the permit that its zoning administrator issued.

Finally, in their motion, Appellants highlight certain facts in a further attempt to analogize to Tekram and to suggest that the present enforcement action may be unfair or untimely. Appellants note that a Town tax assessor inspected their property during a town-wide tax assessment after their garage was built; that the garage's front yard setback is plainly visible from a public road; and that the garage has been standing for eleven years. These facts are not relevant to the legal issues presented in this appeal. While it is true that the visibility of a zoning violation might be relevant if a zoning official (not a tax assessor) had inspected the property and then issued an appealable certification of compliance, see In re Tekram, 2005 VT 92, ¶ 9, 178 Vt. 628, here, the Town has not issued any such determination. To hold that the Town's tax inspection somehow estops the Town from enforcing zoning violations would be a dramatic new principle. We are not convinced of the propriety of creating such a legal standard in this case. As for the Town's eleven year delay in enforcement, this delay is not a legal bar to the Town's enforcement action, since the Legislature has explicitly chosen to impose a fifteen-year statute of limitations. See 24 V.S.A. § 4454(a).[4]

We conclude that Appellants' permit means just what it says: their garage "must meet setback requirements." Furthermore, since the Town did not approve the location of the garage as proposed in the sketch plan, either in the permit or after the fact, the Town of Berkshire's notice of violation is not a collateral attack on the permit and is not barred by the exclusivity of remedy provisions of 24 V.S.A. § 4472. We therefore deny summary judgment to Appellants on Question 7 on this basis.[5]

---

[4] We recognize that the Town's delay in enforcing the zoning permit may seem unfair, especially given that the violation was plainly visible. While these kinds of fairness considerations are not relevant to the legal issues raised in an NOV appeal, equitable arguments may have more force as a defense to an enforcement action, e.g., if we find a violation and the Town proceeds to seek a tear-down injunction.

[5] The Town argued that there are genuine disputes about whether the garage could have been constructed in a manner that respects the applicable boundary setbacks and whether the garage was constructed as shown on the sketch plan. We agree that these issues are in dispute, but they are not material given our interpretation of Appellants' permit. We therefore deny summary judgment on legal, not factual, grounds.

II.    Replacement of the Box Trailer

Question 2 of Appellants' Statement of Questions asks whether Appellants' representation on their permit application that the proposed garage would "replace" two box trailers on Appellants' site created a condition in their permit that they *remove* both trailers. The Town argues that the word "replace" necessarily means "remove." Appellants argue that it does not. They also argue that, because the remaining trailer does not violate any zoning regulations, even if the permit required them to remove the trailers Appellants could return the trailer to the site after some symbolic period of removal. They urge the Court not to adopt an interpretation that would lead to this "absurd result." Finally, they reprise their In re Tekram Partners argument, and argue that the finality of permits "precludes the retroactive insertion in the zoning permit of a condition mandating the removal of the box trailer."

We note first that representations made in project proposals become terms of an approved permit (unless the permit alters the proposal, as it did with regard to setbacks in this case). See In re Jackson, 2003 VT 45, ¶ 29, 830 Vt. 685. Appellants' representation on their permit application that "this [garage] will replace two (2) box trailers" therefore became a final and binding permit condition when their application received approval. See id. When interpreting permit conditions, we begin by attempting to give effect to the plain and ordinary meaning of the permit language. In re Weeks, 167 Vt. 551, 554 (1998). If the meaning is clear from the plain language of the permit, we look no further. Id.

The plain and ordinary meaning of "replace" is to remove something old and put something new in its place. See Replace, Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/replace (last visited Jan. 28, 2015). There is no ambiguity in this word. If Appellants added a garage and kept the old trailers, they would not be "replac[ing]" the trailers. Appellants' permit therefore requires them to remove both box trailers.

Appellants argue that requiring removal would be absurd because there is no zoning provision that prohibits box trailers and thus, even if the permit required them to "remove" the remaining box trailer, they could simply re-install the trailer after some token removal period. But Appellants ignore the fact that the *permit itself* would prevent them from re-installing the same box trailers exactly as they were before the garage was built. Because the permit itself

8

requires meaningful (not symbolic or temporary) removal of the box trailers, our interpretation does not lead to the absurd results that Appellants forecast.

Finally, Appellants' reprised In re Tekram Partners argument is no more persuasive on this issue than it was on the garage setback issue. This NOV is not a "retroactive insertion . . . of a condition" in the garage permit. It is a dispute about what a condition in the permit means. Permit enforcement and interpretation issues are not impermissible "collateral attacks" on a binding permit. See In re Barry, 2011 VT 7, ¶ 18. We therefore reject Appellants' assertion. The Town is not barred from enforcing the terms of Appellants' zoning permit.

III.     Quonset Hut and Trailer

Appellants' assert that the Quonset hut and remaining box trailer have been in place for more than fifteen years, and are therefore protected under the fifteen-year statute of limitations on zoning enforcement in 24 V.S.A. § 4454(a). The Town and Interested Person Donald Couture have introduced affidavits asserting that the trailer and Quonset hut have only been in place since 2002 or 2003 (fewer than fifteen years). Because there are disputes of material fact on this issue, we deny summary judgment on whether the Quonset hut is protected under the statute of limitations (Question 8).

While there are also genuine disputes about when the box trailer was installed, we deny summary judgment on whether the box trailer is protected by the statute of limitations on a different basis. The statute of limitations provides: "An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with . . . [a] permit may be instituted . . . within 15 years from the date the alleged violation first occurred and not thereafter." 24 V.S.A. § 4454(a). The specific violation alleged with regard to the box trailer is that it does not comply with the terms of Appellants' 2003 zoning permit. Because this violation arises out of Appellants' permit, the violation could not have existed before the permit did. In other words, at the earliest, the box trailer violation began in when the permit issued in 2003. The NOV was served in 2014, eleven years after the violation began and within the statute of limitations period. Based on these undisputed facts, Appellants are not entitled to judgment as a matter of law on their assertion that the box trailer violation is protected by the statute of limitations in 24 V.S.A. § 4454(a).

9

## Conclusion

We conclude that the handwritten notation on Appellants' 2003 zoning permit that their garage "Must meet setback requirements!" imposed a condition that their garage meet the applicable setback requirements, and we conclude that the Town is free to enforce that permit condition. We conclude that Appellants' statement in their permit application that the garage would replace two box trailers created a condition that they remove both trailers upon the completion of the garage, and we conclude that the Town is also free to enforce this permit term. We further conclude that disputes of material fact prevent us from determining whether the statute of limitations applies to Appellants' Quonset hut. Finally, we conclude, based on the undisputed facts, that the box trailer is not protected by the statute of limitations in 24 V.S.A. § 4454(a). We therefore **DENY** Appellants' motion for summary judgment.

Electronically signed on February 11, 2016 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division